**In re BP OIL SUPPLY COMPANY,
Relator.**

No. 14–10–00424–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 3, 2010.

Sean Gorman, Christopher Wayne Lacy, Houston, for appellants.

Lee L. Kaplan, Justin McKenzie Waggoner, Houston, Sean C. Grimsley, Denver, CO, Philip Scott Beck, Chicago, IL, for appellees.

Panel consists of Justices BROWN, SULLIVAN, and CHRISTOPHER.

## OPINION

JEFFREY V. BROWN, Justice.

On May 13, 2010, relator, BP Oil Supply Company, filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (Vernon 2004); *see also* Tex. R.App. P. 52. In the petition, BP asks this court to compel the Honorable Alexandra Smoots–Hogan, presiding judge of the 164th District Court of Harris County, to set aside her order denying BP's motion to dismiss, or in the alternative, to stay. We conditionally grant the petition.

## I

The underlying dispute relates to a buy-sell agreement[1] between BP and the real party in interest, ConocoPhillips Company. The agreement required BP to deliver 54,-000 barrels per day of Heavy Louisiana Sweet crude oil to ConocoPhillips in Empire, Louisiana, and required ConocoPhillips to deliver 54,000 barrels per day of West Texas Intermediate crude oil to BP in Cushing, Oklahoma. Due to Hurricanes Gustav and Ike, BP failed to deliver the required volumes of crude oil to ConocoPhillips in August and September 2008. Instead, BP made its August and September deliveries in November 2008. ConocoPhillips then paid the November 2008 price for the delayed deliveries, rather than the August and September 2008 prices. BP alleges that because the market price dropped significantly between August and November 2008, ConocoPhillips' refusal to pay the August and September 2008 prices damaged BP in the amount of more than $50 million. ConocoPhillips, on the other hand, asserts that paying the August and September 2008 prices would have resulted in a windfall to BP.

The parties unsuccessfully mediated their dispute before either filed suit. At 12:02 p.m. (CST), on November 4, 2009, BP filed a breach-of-contract action against ConocoPhillips in Delaware state

---

1. By its express terms, the agreement is to be construed under Texas law.

court, seeking more than $50 million in damages. That same day, at 5:40 p.m. (CST), ConocoPhillips filed a declaratory-judgment action in the 164th District Court in Harris County seeking a declaration that it did not breach the buy-sell agreement and asserting a claim for breach of the duty of good faith and fair dealing.

On November 2, ConocoPhillips moved to dismiss or, alternatively, to stay the Delaware case for forum non conveniens. BP filed its own motion to dismiss or, alternatively, to stay the Texas case on December 7.

The hearing in the Delaware case took place on January 12, 2010; on February 25, the Delaware court denied ConocoPhillips' motion to dismiss. *See BP Oil Supply Co. v. ConocoPhillips Co.*, C.A. No. N09C–11–028, 2010 WL 702382 (Del.Super. Feb. 25, 2010). The Harris County trial court set BP's motion to be heard on January 22. However, on January 20 BP requested that the hearing be reset for February 26, and on February 23 requested that the hearing be reset again for March 26. The trial court heard and denied BP's motion to dismiss or, alternatively, to stay at the March 26 hearing.

At a scheduling conference on April 12, the Delaware court entered an order setting its case for trial on March 21, 2011. The Texas trial court also issued a docket control order on April 12 setting its case for trial on November 1, 2010.

## II

■■■ To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and there is no adequate remedy by appeal. *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex.2010) (orig. proceeding) (per curiam). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Columbia Med. Ctr. of Las Colinas*, 306 S.W.3d 246, 248 (Tex.2010) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt., LP.*, 164 S.W.3d 379, 382 (Tex.2005) (orig. proceeding) (per curiam). In determining whether appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex.2008) (orig. proceeding).

### Abuse of Discretion

■■■ BP argues that the trial court abused its discretion by denying BP's motion because principles of comity require deference to the first-filed Delaware case and that the later-filed Texas case be stayed. "Our federal system benefits from a measure of state-to-state comity, which, while not a constitutional obligation, is a 'principle of mutual convenience whereby one state or jurisdiction will give effect to the laws and judicial decisions of another.'" *In re AutoNation, Inc.*, 228 S.W.3d 663, 670 (Tex.2007) (orig. proceeding) (quoting *Gannon v. Payne*, 706 S.W.2d 304, 306 (Tex.1986)); *see also Nowell v. Nowell*, 408 S.W.2d 550, 553 (Tex.Civ.App.-Dallas 1966, writ dism'd) ("Comity has frequently been defined as the recognition that one sovereignty allows within its territory to the legislative, executive, or judicial act of another sovereignty, having due regard to the rights of its own citizens.").

■■■ The mere pendency of a prior suit in one state cannot be pleaded in abatement or in bar to a subsequent suit in Texas, even though both suits are between the same parties and involve the same subject matter. *In re State Farm Mut. Auto. Ins. Co.*, 192 S.W.3d 897, 900 (Tex. App.-Tyler 2006, orig. proceeding) (citing

*Evans v. Evans,* 186 S.W.2d 277, 279 (Tex. Civ.App.-San Antonio 1945, no writ)); *Project Eng'g USA Corp. v. Gator Hawk, Inc.,* 833 S.W.2d 716, 724 (Tex.App.-Houston [1st Dist.] 1992, no writ). Texas is entirely sovereign and unrestricted in its powers, whether legislative, judicial, or executive, and it does not acknowledge the right of any other state to hinder its own sovereign acts or proceedings. *In re State Farm Mut. Auto. Ins. Co.,* 192 S.W.3d at 901 (citing *Mills v. Howard,* 228 S.W.2d 906, 907 (Tex.Civ.App.-Amarillo 1950, no writ)); *see also Crown Leasing Corp. v. Sims,* 92 S.W.3d 924, 927 (Tex.App.-Texarkana 2002, no pet.) ("Courts of sister states are considered foreign to each other, and a suit pending in another state may not be pleaded in abatement of another suit involving the same subject matter brought in another state.").

■■ When a matter is first filed in another state, the general rule is that Texas courts stay the later-filed proceeding pending adjudication of the first suit. *In re AutoNation, Inc.,* 228 S.W.3d at 670. It is generally appropriate for courts to apply principles of comity where another court has exercised jurisdiction over the matter and where the states agree about the public policy at issue. *In re State Farm Mut. Auto. Ins. Co.,* 192 S.W.3d at 901 (citing *Bryant v. United Shortline Inc. Assurance Servs., N.A.,* 972 S.W.2d 26, 31 (Tex.1998)). Once stayed, the later action remains pending until the judgment in the prior action becomes final. *Id.* (citing *Bryant,* 972 S.W.2d at 31). "It is a salutary rule because, if the determination of the suit in the foreign jurisdiction is in favor of the plaintiff there, he may plead it in bar of the local action. On the other hand, if he is the loser in the foreign suit, the plaintiff in the local action necessarily is the prevailing party in the foreign suit and further litigation on his part is not necessary." *Mills,* 228 S.W.2d at 908.

■■■ A resolution of the abuse-of-discretion question demands a close inspection of the two pending actions. *In re State Farm Mut. Auto. Ins. Co.,* 192 S.W.3d at 901 (citing *Nowell,* 408 S.W.2d at 553). To obtain a stay of the later action, it is, as a general rule, necessary that the two suits involve the same cause of action, concern the same subject matter, involve the same issues, and seek the same relief. *Id.* (citing *Nowell,* 408 S.W.2d at 553). One test to determine whether the causes of action are identical is to ascertain whether the parties could obtain all the relief in the prior suit that they would be entitled to in the subsequent action. *Id.* (citing *Nowell,* 408 S.W.2d at 553). Additional factors include, but are not limited to (1) which action was filed first; (2) whether the parties are the same in both actions; and (3) the effect of a judgment in the later action on any order or judgment entered in the prior action. *Id.*

Here, the Delaware case was filed first. The two cases involve the same parties, the same subject matter, and same contract, implicating the Uniform Commercial Code. The Delaware court was the first to exercise jurisdiction over the parties and subject matter of this case. A judgment in the Texas case would render the Delaware court's order denying ConocoPhillips' motion to dismiss moot. Moreover, because of the earlier trial setting, the Harris County trial court will likely try the underlying case first, and BP's choice of forum will be lost.

■■ ConocoPhillips argues that a Texas court should extend comity to another state only when the other state would do the same for Texas. Under the principle of mutual convenience, Texas will rec-

ognize the laws and judicial decisions of other states, expecting that those states will extend Texas the same consideration. *K.D.F. v. Rex*, 878 S.W.2d 589, 593–94 (Tex.1994) (orig. proceeding). Because comity is grounded in cooperation and mutuality, Texas should not extend comity to another state so long as that state declines to extend comity to Texas or other states under the same or similar circumstances. *Id.* at 594. Nevertheless, "[i]n the absence of a clear indication to the contrary, we will treat [another state] as a cooperative jurisdiction. Texas will extend comity to the law of a cooperative jurisdiction so long as that law does not violate Texas public policy." *Id.* at 595.

Under Delaware law, where one of two competing actions is filed before the other, the first-filed action is generally entitled to preference.[2] However, where two cases are filed within a short time of each other Delaware does not apply a first-filed preference, but instead treats them as contemporaneously filed for purposes of forum non conveniens.[3] In this case, the Delaware court found that the two actions were contemporaneously filed and considered ConocoPhillips's motion to dismiss under the doctrine of forum non conveniens.[4] *BP Oil Supply Co.*, 2010 WL 702382, at *2. Because ConocoPhillips could not meet the Delaware standard of forum non conveniens, the Delaware court

2. *See McWane Cast Iron Pipe Corp. v. McDowell–Wellman Eng'g Co.*, 263 A.2d 281, 283 (Del.1970) ("As a general rule, litigation should be confined to the forum in which it first commenced, and a defendant should not be permitted to defeat the plaintiff's choice of forum in a pending suit by commencing litigation involving the same cause of action in another jurisdiction of its own choosing.").

3. *In re Citigroup Inc. S'holder Derivative Litig.*, 964 A.2d 106, 116 (Del.Ch.2009) (holding two actions were contemporaneously filed where they were filed three days apart); *Sprint Nextel Corp. v. iPCS, Inc.*, C.A. No. 3746, 2008 WL 4516645, at *2 (Del. Ch. Oct. 8, 2008) (holding two actions were contemporaneously filed when they were filed three business days apart); *In re Bear Stearns Cos. S'holder Litig.*, C.A. 3643, 2008 WL 959992, at *5 (Del.Ch. Apr. 9, 2008) (finding complaints were contemporaneously filed where they were filed three days apart); *Azurix Corp. v. Synagro Techs., Inc.*, C.A. No. 17509, 2000 WL 193117, at *34 (Del.Ch. Feb. 3, 2000), *appeal refused*, 748 A.2d 406 (Del.Super.2000) (Table) (finding two actions to be contemporaneously filed where first was filed at 4:28 p.m., on Friday, and second was filed early following Monday morning); *Am. Guar. & Liab. Ins. Co. v. Intel Corp.*, C.A. No. 09C–01–170, 2009 WL 2589597, at *8 (Del.Super. July 24, 2009), *appeal denied*, 2009 WL 2581875 (Del.Super. Aug. 20, 2009) (finding two actions contemporaneously filed where they were filed thirteen hours apart).

4. To justify dismissal for forum non conveniens under Delaware law, the movant must demonstrate that litigation in Delaware would cause "overwhelming hardship." *BP Oil Supply Co.*, 2010 WL 702382, at *2. To justify a stay, the movant need only demonstrate that the preponderance of applicable forum factors "tips in favor" of litigating the dispute in the non-Delaware forum. *Id.* However, where a stay would have the same ultimate effect as dismissal, the more stringent "overwhelming hardship" standard applies. *Id.* "[A] stay has the same effect as a dismissal where '[a] stay in favor of another action, results in the action in Delaware being put on hold until the resolution of the action in another jurisdiction, at which point the principles of *res judicata* would likely apply [to bar the further prosecution of the Delaware action].'" *Id.* (quoting *In re Citigroup, Inc., S'holder Derivative Litig.*, 964 A.2d at 117–18 n. 16). The Delaware court held that, "[a]s a matter of Texas Civil Procedure, the Texas action would likely resolve all disputes between the parties. Principles of *res judicata* would then likely prevent this Court from rehearing the same issues already decided in Texas, and the Delaware action ultimately would be dismissed. Therefore, in this case, a stay would have the same effect." *Id.* at *3 (emphasis in original). Admittedly, under this interpretation of Delaware law, it is difficult to imagine a situation where a stay would not have the same effect as a dismissal.

denied its motion to dismiss.[5] *Id.* at *3.

ConocoPhillips contends that, under the unique facts of this case, Delaware would not extend comity to Texas if the Texas case had been filed a few hours earlier than the Delaware case because the cases would be considered contemporaneously filed, and the Delaware court would then address the motion to dismiss or stay as a matter of forum non conveniens. Therefore, according to ConocoPhillips, the Texas trial court reached the same decision that the Delaware court would have reached had the situation been reversed.

But for the trial court to refuse to extend comity, it must find a "clear indication" that Delaware is not a cooperative jurisdiction. *K.D.F.,* 878 S.W.2d at 595. There is no such "clear indication" in the record below. Extending comity to Delaware to try the breach of contract case would not violate Texas policy. To the contrary, extending comity to Delaware by staying the Texas case advances Texas public policy because it adheres to our well-established first-filed rule. We recognize that we would face a more difficult dilemma if the Texas case had been filed first; it is not clear that Delaware would have extended comity in that situation. But we do not encounter that problem under these facts.

■ Moreover, ConocoPhillips' non-liability declaratory-judgment action is merely a mirror-image of the Delaware breach-of-contract action. Texas public policy does not favor the pursuit of a declaratory action when a previously filed liability action already addresses the same issues. "An action for declaratory judgment will not be entertained if there is pending, at the time it is filed, another action or proceeding between the same parties and in

which may be adjudicated the issues involved in the declaratory action." *Tex. Liquor Control Bd. v. Canyon Creek Land Corp.,* 456 S.W.2d 891, 895 (Tex.1970); *see also BHP Petroleum Co. v. Millard,* 800 S.W.2d 838, 841 (Tex.1990) (orig. proceeding) ("The Declaratory Judgments Act is 'not available to settle disputes already pending before a court.' "); *Abor v. Black,* 695 S.W.2d 564, 566 (Tex.1985) (orig. proceeding) (holding trial court should have declined to exercise jurisdiction over suit seeking declaration of non-liability for tort because it deprived real plaintiff of traditional right to choose time and place of suit); *Space Master Int'l, Inc. v. Porta–Kamp Mfg. Co.,* 794 S.W.2d 944, 948 (Tex. App.-Houston [1st Dist.] 1990, no writ) (holding trial court did not abuse discretion in dismissing later-filed Texas declaratory judgment involving same parties and issues as earlier filed New Jersey state case and Massachusetts federal case "[b]ased on considerations of comity and the unique nature of declaratory judgments").

ConocoPhillips contends that Texas courts disfavor declaratory-judgment actions in tort cases, not in breach-of-contract cases where there is no "real" plaintiff. *See MBM Fin. Corp. v. Woodlands Operating Co., L.P.,* 292 S.W.3d 660 (Tex. 2009). In *MBM Financial,* the Texas Supreme Court stated:

> [T]he "real plaintiff" and the "traditional right to choose the time and place of suit" are materially different in contract and tort cases. The "real" plaintiff in a tort action is the injured party, yet both parties often suffer injury if a contract collapses. When each party claims the other breached (as is usually the case), it is hard to say who ought to be the "real" plaintiff. Here, for example, why should

**5.** ConocoPhillips conceded in the Delaware court that it could not meet the "overwhelming hardship" standard. *BP Oil Supply Co.,* 2010 WL 702382, at *3.

MBM get to choose the time and place of suit rather than Woodlands? The [Declaratory Judgment] Act itself specifically contemplates declarations that are negative (non-liability) as well as affirmative (liability). And historically, declarations of non-liability have been among the most common suits filed under the Act, including ... suits by a party to declare non-liability for higher or additional payments. Extending the bar against declarations of non-liability from tort to contract cases would drastically handicap declaratory-judgment practice in Texas.

*Id.* at 668.

But this case is not like *MBM Financial.* Unlike the contract at issue in *MBM Financial,* the contract in this case was not terminated. BP is the only party seeking affirmative relief and, therefore, is the "real plaintiff" in this case.[6] *Cf. BHP Petroleum Co.,* 800 S.W.2d at 842 (holding that declaratory-judgment counterclaim was more than mere denial of plaintiff's causes of action and stated a cause of action on which defendant could recover if plaintiff abandoned, or failed to establish, its causes of action). Moreover, the declaratory-judgment action in *MBM Financial* was not the mirror image of a first-filed breach-of-contract case in another state. Instead, the declaratory-judgment action in *MBM Financial* was "tacked onto a standard suit" as a vehicle for recovering attorney's fees. *Id.* at 670. *MBM Financial* does not displace the first-filed rule or the plaintiff's choice of forum in a breach-of-contract action when

the second-filed declaratory-judgment action is a mirror image of the first-filed claim for affirmative relief. *See Space Master Int'l, Inc.,* 794 S.W.2d at 948.[7]

For the foregoing reasons, we conclude that the trial court abused its discretion by not extending comity to Delaware and staying the underlying action pending the resolution of the first-filed Delaware suit.

### No Adequate Remedy by Appeal

 Having determined that the trial court abused its discretion, we must inquire whether BP has an adequate remedy by appeal. By setting the case for trial on November 1, 2010, the trial court has made it likely that the Texas case will be tried before the Delaware case. If the Texas case proceeds to trial and BP prevails, it will not appeal, and its right to a stay is lost forever.[8] *See In re State Farm Mut. Auto. Ins. Co.,* 192 S.W.3d at 903. If ConocoPhillips prevails in the Texas case, BP cannot obtain a reversal for the incorrect denial of a stay unless the court of appeals concludes that the error complained of probably caused the rendition of an improper judgment. *See id.* (quoting *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 138 (Tex.2004) (orig. proceeding) (quoting Tex.R.App. P. 44.1(a)(1)). Even if BP could somehow obtain reversal based on the denial of its motion, its right to a stay could not be recovered. *See id.*

ConocoPhillips argues that BP has not shown that it does not have an adequate remedy by appeal. Were the roles reversed, ConocoPhillips complains, Delaware would not extend comity to Texas.

---

**6.** ConocoPhillips conceded at oral argument that it is not seeking damages.

**7.** In *Space Master,* the court held that a party should not be allowed to use declaratory relief as a forum-shopping device where the same parties and issues, i.e., breach-of-contract actions for money damages, were pending in

New Jersey state court and Massachusetts federal court, and where the declaratory-judgment action alleged contracts should not be enforced because of usurious interest rates. 794 S.W.2d at 948.

**8.** We recognize that BP would shed no tears at this result.

Therefore, the benefit of extending comity—reciprocity—would not be achieved, and the disruption and delay caused by mandamus review would outweigh any benefit in granting BP's petition. But it remains that ConocoPhillips has not shown that Delaware is an uncooperative jurisdiction, that the Delaware court hearing the breach-of-contract action under Texas law violates the public policy of this State, or why we should abandon Texas' long-standing preference for first-filed cases. We conclude that BP does not have an adequate remedy by appeal.

\* \* \*

We hold that the trial court abused its discretion by refusing to stay the underlying case pending the conclusion of the Delaware case, and that BP does not have an adequate remedy by appeal. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to (1) set aside its order of March 26, 2010, denying BP's motion to dismiss, or in the alternative, to stay, and (2) enter an order that grants BP's motion to stay and stays the proceedings until entry of final judgment in the Delaware case. The writ will issue only if the trial court fails to act in accordance with this opinion.