**Petition for Writ of Mandamus Conditionally Granted in Part and Denied in Part and Majority and Dissenting Opinions filed September 30, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00238-CV

## IN RE HELIX ENERGY SOLUTIONS GROUP, INC., OWEN KRATZ, ANTHONY TRIPODO, BART H. HEIJERMANS, ALISA B. JOHNSON, GORDON F. AHALT, BERNARD J. DUROC-DANNER, JOHN V. LOVOI, T. WILLIAM PORTER, III, NANCY K. QUINN, WILLIAM L. TRANSIER, JAMES A. WATT, Relators.

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**270th District Court**
**Harris County**
**Trial Court Cause No. 2012-26160**

## DISSENTING OPINION

The trial court abused its discretion in denying the motion to stay. Because the majority erroneously holds that the trial court did not abuse its discretion, I respectfully dissent.

The majority correctly states that to obtain a stay of the later-filed action, it is generally necessary that the two suits involve the same claims, concern the same

subject matter, involve the same issues, and seek the same relief. *In re BP Oil Supply Co.*, 317 S.W.3d 915, 919 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). The majority also correctly acknowledges that additional factors include, but are not limited to: (1) which action was filed first; (2) whether the parties are the same in both actions; and (3) the effect of a judgment in the later action on any order or judgment entered in the prior action. *Id.*

The majority also necessarily concedes that the federal action was filed first. But it also maintains that the parties are not the same in the two actions because in each action a different shareholder seeks to assert claims belonging to Helix. Under Texas law, however, an individual shareholder bringing a derivative claim, at best, is a nominal plaintiff. *See Ross v. Bernhard*, 396 U.S. 531, 538 (1970); *Hanson v. Odyssey Healthcare, Inc.*, 3:04-CV-2751-N, 2007 WL 5186795, at \*5 (N.D. Tex. Sept. 21, 2007). The corporation is the real party in interest; it receives the proceeds of the action, and is bound by the results of the suit. *Ross*, 396 U.S. at 538. Though the two cases were brought by different shareholders and based on different theories for why each of the respective shareholder-plaintiffs has standing to pursue claims on behalf of Helix (demand futility versus wrongful refusal of demand), both cases are brought derivatively on Helix's behalf to redress the same alleged injuries to Helix. This key fact makes Helix the "real plaintiff." *See MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 668 (Tex. 2009) ("real plaintiff" in a tort action is the injured party).

In both the federal action and the Harris County action, virtually identical claims have been asserted on behalf of the same plaintiff against the same defendants based on the same facts. It matters not that the individual shareholders in each action assert different theories for why they should be permitted to bring their claims; the actual claims and lineup of defendants are identical. Indeed, the

2

"prayer for relief" in the Harris County action is almost exactly the same as the prayer in the earlier-filed federal action.

And because the parties and claims are identical, rulings in the later-filed Harris County action could have a preclusive effect on the earlier-filed federal action. *Hanson*, 2007 WL 5186795, at *4–7 (applying Texas law and holding that "because shareholder derivative suits are brought on behalf of the corporation, 'it follows that the corporation is bound by the results of the suit in subsequent litigation, even if different shareholders prosecute the suits'") (quoting *In re Sonus Networks, Inc., S'holder Derivative Litig.*, 499 F.3d 47, 64 (1st Cir. 2007)); *Pace v. Jordan*, 999 S.W.2d 615, 621–22 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (subsequent derivative plaintiffs are bound by a previous shareholder's demand letter).

Because the federal action was filed before the Harris County action, and because the two cases involve the same claims, concern the same subject matter, involve the same issues, and seek the same relief, the trial court abused its discretion when it denied the motion to stay. And so I would grant the petition for writ of mandamus on that basis.

/s/     Jeffrey V. Brown
        Justice

Panel consists of Chief Justice Frost and Justices Brown and Busby. (Frost, C.J., majority).

3