**Opinion issued May 1, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00934-CV

————————————

**STEWART FELDMAN AND THE FELDMAN LAW FIRM, LLP;**
**Appellants**

**V.**

**KPMG LLP, KPMG LLP (CANADA), PAUL ZIFF, ZIFF ENERGY**
**GROUP, LTD., AND ZIFF ENERGY MANAGEMENT CORPORATION,**
**Appellees**

---

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-63255**

---

## O P I N I O N

In this appeal, we consider whether the trial court erred in (1) dismissing the

plaintiff's suit requesting a declaratory judgment that it could not be held liable to

the defendants in a pending lawsuit in Canada, and (2) awarding attorney's fees to a defendant obtaining the dismissal. We affirm.

## BACKGROUND

In 2011, Paul Ziff, Ziff Energy Group, Ltd., and Ziff Energy Management Corporation [collectively, "the Ziffs"] filed suit against KPMG, LLP (Canada) in a Canadian court alleging accounting malpractice and professional liability. In August 2011, KPMG (Canada) then filed a third-party claim against Feldman and the Feldman Law firm [collectively, "Feldman"] seeking indemnity and contribution in the event that KPMG (Canada) was held liable to the Ziffs. Feldman failed to appear and KPMG (Canada) obtained a default judgment against Feldman in September 2011.

In October 2011, after he was already in default in the Canadian court, Feldman filed a suit against KPMG (Canada), its U.S. counterpart, KPMG, LLP [collectively, "KPMG" unless specified as KPMG (Canada)] and the Ziffs. Specifically, Feldman sought a declaratory judgment "under the Uniform Declaratory Judgments Act ("UDHA") decreeing that neither Paul Ziff, Ziff Energy, Ziff Management, nor [KPMG] can bring an action against [him] in a foreign country for claims that have long expired."

KPMG answered, asserted a compulsory counterclaim against Feldman, and requested the trial court to dismiss the suit "because a declaratory judgment is not

available to resolve an issue when another action is pending that will adjudicate the same issue between the parties." The Ziffs also answered and filed a plea to the jurisdiction, asserting, among other reasons, that the declaratory judgment should be dismissed because of the pending suit in Canada.

Thereafter, Ziff settled its Canadian claims against KPMG (Canada) in January 2012. Nevertheless, Feldman continued to pursue discovery in the Harris County case "to ensure that the Plaintiffs are out of this matter once and for all and to recover their costs." The Ziffs then offered Feldman a mutual release, which Feldman declined, continuing to pursue discovery. Feldman was not interested in a mutual release in which each party would incur its own costs. Rather, he wanted a "full release from liability, *after which the parties could discuss costs incurred to date*."

In January 2012, KPMG (Canada) filed a notice of nonsuit as to its counterclaims against Feldman in the Harris County case. The nonsuit stated that the counterclaim was moot "as a result of a settlement reached in the underlying Calgary litigation." An exhibit attached to the non-suit was a "Discontinuance" of the third-party claim against Feldman in Canada. Soon thereafter, the Ziffs sent Feldman both a mutual release, which Feldman again refused to sign, and a unilateral release.

Thereafter, the trial court granted the plea to the jurisdiction and dismissed Feldman's claims on February 28, 2012.

On March 9, 2012, the Ziffs filed a motion to modify the judgment to include their attorney's fees and costs. On April 18, 2012, the trial court denied the Ziffs' motion to modify, but instead, reinstated the case in part and set the case for trial on the issue of the Ziffs' request for attorney's fees under the UDJA.

After a jury trial, the court entered a final judgment in which it "ORDERED, ADJUDGED, AND DECREED that it is both equitable and just that the Ziff Defendants recover their reasonable and necessary attorneys' fees from the Plaintiffs under the Declaratory Judgment Act." Based on the jury verdict, the judgment also awarded the Ziffs $36,952 in attorney's fees, post-judgment interest, plus contingent amounts available in the event of post-judgment appeals. This appeal followed.

**PROPRIETY OF DISMISSAL FOR WANT OF JURISDICTION**

*Standard of Review*

A plea to the jurisdiction challenges a trial court's authority to decide the subject matter of a specific cause of action. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Whether this authority exists turns in the first instance on the content of the claimant's live pleadings. *Id.* at 226. The plaintiff has the initial burden of alleging facts that would affirmatively

4

demonstrate the trial court's jurisdiction to hear the cause. *Id.* (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). Mere unsupported legal conclusions do not suffice. *See Creedmoor–Maha Water Supply Corp. v. Tex. Comm'n on Envtl. Quality*, 307 S.W.3d 505, 515–16 & nn. 7 & 8 (Tex. App.— Austin 2010, no pet.). We construe the pleadings liberally, taking them as true, and look to the pleader's intent. *Miranda*, 133 S.W.3d at 226. If the pleadings fail to allege sufficient facts to affirmatively demonstrate the trial court's jurisdiction but also fail to affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend. *Id.* at 226–27. If, on the other hand, the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.* at 227.

We may also consider evidence that the parties have submitted and must do so when necessary to resolve the jurisdictional issues. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). In fact, in a plea to the jurisdiction, a party may present evidence to negate the existence of a jurisdictional fact alleged in the pleadings, which we would otherwise presume to be true. *Miranda*, 133 S.W.3d at 227; *Hendee v. Dewhurst*, 228 S.W.3d 354, 367 (Tex. App.—Austin 2007, pet. denied). How we review a trial court's explicit or implicit determination of such a challenge depends on whether the jurisdictional fact being challenged overlaps

5

with the merits of the plaintiff's claims. If the challenged jurisdictional fact overlaps with the merits of the plaintiff's claims, the party asserting the plea to the jurisdiction must overcome a traditional-summary-judgment-like burden and conclusively negate that fact. *See Miranda*, 133 S.W.3d at 228; *Hendee*, 228 S.W.3d at 367. But if the challenged jurisdictional fact does not overlap the merits, the fact issue may be resolved by the trial court when resolving the jurisdictional issue, and its explicit or implicit fact finding (or failure-to-find) may be challenged in the same manner as fact findings generally. *Combs v. Entm't Publ'ns, Inc.*, 292 S.W.3d 712, 719 (Tex. App.—Austin 2009, no pet.).

Our ultimate inquiry is whether the particular facts presented, as determined by the foregoing review of the pleadings and any evidence, affirmatively demonstrate a claim within the trial court's subject-matter jurisdiction, *see Miranda*, 133 S.W.3d at 226; *Creedmoor–Maha*, 307 S.W.3d at 513, 516 & n.8, which is a question of law that we review de novo. *See Miranda*, 133 S.W.3d at 226.

*Analysis*

Feldman argues that the trial court erred in dismissing its suit for want of jurisdiction because there is a justiciable issue between the parties, the district court is a court of general jurisdiction and may declare the legal rights and obligations of the parties, and the case exceeds the amount in controversy required

6

to maintain a suit in district court. Feldman further cites *MBM Fin. Corp v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 668 (Tex. 2009) for the proposition that a declaratory judgment is a proper vehicle for asserting a claim of "non-liability" in a contract case. *MBM Financial*, however, is distinguishable because the Canadian suit appears to be a claim for professional malpractice, i.e., a tort claim. Under most circumstances, Texas courts should decline to exercise jurisdiction in a case seeking a declaration of non-liability in a tort suit because to do so deprives the potential plaintiff of the right to determine where and when to file suit. *See MBM Financial*, 292 S.W.3d at 668; *Abor v. Black*, 695 S.W.2d 564, 566 (Tex. 1985).

However, even if the Canadian suit involves contract claims, we would still find *MBM Financial* distinguishable. We agree that a declaratory judgment may be used to assert a claim of non-liability in a contract case. *See MBM Financial*, 292 S.W.3d at 668. The issue presented here, however, is whether a declaratory judgment may be used to assert a claim of non-liability in a contract case *when there is already a breach-of-contract case pending in another court*. As such, this case is distinguishable from *MBM Financial*, in which the plaintiff filed a breach-of-contract case and, in the same suit, requested a declaration of non-liability to the defendant. 292 S.W.3d at 663. The Supreme Court held that a declaration of non-liability was an appropriate subject of a declaratory judgment in a contract case, as

opposed to a tort case, because both parties suffer when a contract collapses and there is no "real plaintiff" necessarily deserving of the right to choose the jurisdiction. *Id.* at 668. However, the plaintiff could not recover attorney's fees when it had failed to recover damages on its breach-of-contract claim. *Id.* at 669–70. There was no previously filed breach-of-contract lawsuit in *MBM Financial*; merely a declaratory judgment request that was "tacked on" to the plaintiff's own breach-of-contract suit. As such, *MBM Financial* does not resolve the issue of whether a district court should exercise jurisdiction over a declaratory judgment action requesting a declaration of non-liability in a contract case when a breach-of-contract case is already pending in another court.

The Ziffs and KPMG contend that this case is controlled by *Texas Liquor Control Board v. Canyon Creek Land Corp.*, 456 S.W.2d 891 (Tex. 1970). In *Canyon Creek*, the plaintiffs filed a declaratory judgment seeking to prevent the Texas Liquor Control Board from enforcing its interpretation of a statutory provision in the Texas Liquor Control Act. *Id.* at 893. At the time the declaratory judgment suit was filed, there were already two administrative license suspension proceedings pending against the plaintiffs involving their alleged violation of the same statute. *Id.* at 894. The supreme court noted that, "As a general rule, an action for declaratory judgment will not be entertained if there is pending, at the time it is filed, another action or proceeding between the same parties and in which

8

may be adjudicated the issues involved in the declaratory action." *Id*. at 895. The court then concluded that "[i]n so far as plaintiffs are seeking a declaratory judgment for the purpose of overturning the administrative interpretation of the statute so that no further proceedings will be instituted against them, we hold that the facts of these cases do not warrant an exercise of jurisdiction." *Id.* at 896.

The Fourteenth Court of Appeals has addressed the issue raised in *Canyon Creek*. *See In re BP Oil Supply Co*., 317 S.W.3d 915 (Tex. App—Houston [14th Dist.] 2010, no pet.). In *BP Oil*, the dispute involved a contract between BP and ConocoPhillips. *Id.* After an unsuccessful mediation, BP filed a breach-of-contract action against ConocoPhillips in Delaware State court. *Id.* at 917–18. Several hours later on the same day, ConocoPhillips filed an action in Harris County seeking a declaratory judgment that it did not breach the contract involved. *Id.* at 918. After determining that comity required that the Harris County court defer to the earlier-filed Delaware court, the court noted that "ConocoPhillips' non-liability declaratory judgment action is merely a mirror-image of the Delaware breach-of-contract action[,]" and that "Texas public policy does not favor the pursuit of a declaratory action when a previously filed liability action already addresses the same issues." *Id.* at 921. ConocoPhillips, however, argued that *MBM Financial* controlled and that defensive declaratory judgments could be maintained in breach-of-contract cases because there is no "real plaintiff," thus no

9

concern about depriving a plaintiff of its chosen jurisdiction. *Id.* at 921–22. The court disagreed and distinguished *MBM Financial* by noting (1) that the case was not one in which both parties were claiming breach-of-contract, thus BP, the only party with claims for affirmative relief was the "real plaintiff," and (2) that the declaratory judgment in *MBM* was not the mirror image of a first-filed breach-of-contract case in another state. *Id*. at 922. The court concluded that "*MBM Financial* does not displace the first-filed rule or the plaintiff's choice of forum in a breach-of-contract action when the second-filed declaratory-judgment action is a mirror image of the first-filed claim for affirmative relief." *Id.*

This Court has also addressed the *Canyon Creek* issue. In *Space Master Int'l, Inc. v. Porta-Kamp Mfg. Co.*, 794 S.W.2d 944, 948 (Tex. App.—Houston [1st Dist.] 1990, no writ), a dispute arose between Space Master and Porta-Kamp Manufacturing over two contracts that were to be performed in Massachusetts and New Jersey. *Id.* at 945. Porta-Kamp sued Space Master for breach of contract in both of those jurisdictions. *Id.* While the Massachusetts and New Jersey lawsuits were pending, Space Master filed suit in Texas seeking a declaratory judgment that the contracts at issue were usurious. *Id.* Porta-Kamp filed a motion to dismiss, which the trial court granted. *Id.* at 946. On appeal, Space Master argued that the trial court had no authority to dismiss its suit for declaratory judgment, filed while proceedings involving the same parties and issues were pending in the other courts.

*Id*. Recognizing that declaratory judgment actions are neither legal nor equitable, but instead, sui generis, this Court followed *Canyon Creek*, holding that a party should not be allowed to use declaratory relief as a forum-shopping device where the same parties and issues, *i.e.*, breach-of-contract actions for money damages, were pending in New Jersey state court and Massachusetts federal court, and where the declaratory-judgment action alleged that those same contracts should not be enforced because of usurious interest rates. *Id.* at 948. Accordingly, this Court concluded that the trial court did not err in dismissing Space Master's suit for declaratory judgment and affirmed the trial court's judgment. *Id.*

We conclude that this case is controlled by the holdings in *Canyon Creek*, *BP Oil*, and *Space Master*. Here, it is undisputed that, at the time Feldman filed suit,[1] there was a suit pending involving the same parties[2] and the same issues in Canada. Indeed, Feldman's suit "seek[s] a declaration under the Uniform Declaratory Judgments Act ("UDJA") decreeing that neither Paul Ziff, Ziff

---

[1] Subject-matter jurisdiction is determined as of the date a suit is filed. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570, 124 S. Ct. 1920, 1924 (2004) (It has long been the case that "the jurisdiction of the court depends upon the state of things at the time of the action brought.")

[2] KPMG (US) is not a party to the suit in Canada, but the claims that Feldman asserts against it are exactly the same claims as those asserted against KPMP (Canada). Furthermore, *Canyon Creek* also involved an extra party in the declaratory judgment that was not present in the ongoing administrative proceedings. *See Canyon Creek*, 456 S.W.2d at 893.

11

Energy, Ziff Management nor KPMG can bring an action against [Feldman and his law firm] in a foreign country for claims that have long expired." As in *BP Oil*, the Ziffs are the "true plaintiffs" in the Canadian suit because they have claims for affirmative relief against KPMG (Canada).[3] Feldman has no affirmative claim for relief in either court, thus cannot be considered a "true plaintiff." And, Feldman's declaratory judgment is a "mirror image" of the claims being adjudicated in Canada. While the cross-claim against him in Canada seeks to hold him liable to KPMG (Canada) in the event that KPMG (Canada) is held liable to the Ziffs, the declaratory judgment seeks a decree that no such action will lie. To allow a defensive declaratory judgment in this case, would not only deny the Ziffs their choice of forum, it would force them to litigate in a jurisdiction chosen by a third-party defendant against whom they have filed no claim for affirmative relief.

Further, even though the first-filed proceeding in this case was filed in Canada, and the cases in *BP Oil* and *Space Master* involved first-filed proceedings in other states, we see no reason to treat the cases differently. "Because Canada is a sister common-law jurisdiction, American courts have consistently deferred to Canadian courts under the comity principle." *Caddel v. Clairton Corp.*, 105 B.R. 366, 366 (N.D. Tex. 1989); *see also Fleeger v. Clarkson Co., Ltd.*, 86 F.R.D. 388,

---

[3] And, as noted by the supreme court in *MBM Financial*, in a tort suit there is a true plaintiff. 292 S.W.3d at 668. Here, the Ziffs are the true plaintiffs on their professional liability tort claims.

12

393 (N.D. Tex. 1980) ("Indeed, the Court is aware of no case in which an American court has refused to defer to Canada."). Although Feldman argues that the Canadian court has no personal jurisdiction over him and the claims against him in Canada have long since expired, he chose not to appear in Canada to assert those defenses.

Based on the foregoing, we conclude that the trial court did not err in dismissing Feldman's claims for declaratory relief. We overrule Feldman's first issue on appeal.

**ATTORNEY'S FEES**

In his second issue on appeal, Feldman contends the trial court erred by awarding attorney's fees to the Ziffs because (1) the trial court lacked jurisdiction to do so; (2) the fees were not equitable and just; (3) the trial court "pushed the jury toward a fee award"; (4) Feldman was the prevailing party; and (5) the Ziffs failed to segregate their fees. We will address each argument respectively.

*Applicable Law*

In "any proceeding" under the UDJA, "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 2008). The UDJA "entrusts attorney fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the

13

additional requirements that fees be equitable and just, which are matters of law."

*Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). "Unreasonable fees cannot be awarded, even if the court believed them just, but the court may conclude that it is not equitable or just to award even reasonable and necessary fees." *Id*. Further, the award of attorney's fees is not dependent on a finding that the party "substantially prevailed." *Barshop v. Medina Cnty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 637 (Tex. 1996). Instead, a trial court may award attorney's fees to a non-prevailing party as are equitable and just. *State Farm Lloyds v. C.M.W.*, 53 S.W.3d 877, 894 (Tex. App.—Dallas 2001, pet. denied). Thus, the attorney's fees provision grants the trial court broad discretion to (i) afford all parties the opportunity to request fees; (ii) decline to award fees; and (iii) allow an award only when reasonable, necessary, equitable, and just.

### *Jurisdiction to Award Fees*

Feldman argues that, by having the case dismissed for lack of jurisdiction and then seeking an award of attorney's fees, the Ziffs have attempted "to game the system" and "have it both ways." The Ziffs respond, arguing that trial courts have the power to award attorney's fees under Section 37.009 even when the trial court has dismissed the plaintiff's request for a declaratory relief for lack of jurisdiction. We agree with the Ziffs.

14

Under section 37.009, a trial court may exercise its discretion to award attorneys' fees to the prevailing party, the nonprevailing party, or neither. *See Barshop*, 925 S.W.2d at 637 (award of attorneys' fees in declaratory judgment action is not dependent on finding that party "substantially prevailed"). Moreover, the statute does not require a judgment on the merits of the dispute as a prerequisite to a fee award. *See Castro v. McNabb*, 319 S.W.3d 721, 736 (Tex. App.—El Paso 2009, no pet.) ("Our determination that the trial court lacked jurisdiction to render the specific declarations sought does not change the nature of the proceedings below. Because this was a proceeding under the [UDJA], the trial court properly exercised jurisdiction under Section 37.009 to award attorney's fees to [appellee]."); *see also Zurita v. SVH-1Partners, Ltd.*, No. 03-10-00650-CV, 2011 WL 6118573, *8 (Tex. App.—Austin Dec. 8, 2011, pet. denied) (not designated for publication) (same).[4] Thus, we conclude that the trial court had the power to award attorney's fees under Section 37.009 even though it had dismissed Feldman's claim for declaratory relief for lack of jurisdiction.

---

[4] Feldman relies on *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998), in which the Court stated that "[a]lthough the [UDJA] expressly provides for attorney's fees, it functions solely as a procedural mechanism for resolving substantive controversies which are already within the jurisdiction of the courts." However, Feldman cites this language out of context. The Fifth Circuit was not deciding whether attorney's fees were appropriate when a Texas state court dismisses a declaratory judgment. Rather, it was holding that the UDJA was not the "substantive law" of Texas, but rather, was procedural, and could not be used as a basis for an award of attorney's fees in a diversity case in federal court. *See id.*

15

*Equitable and Just*

Whether the awarded fees are "equitable and just" is a question of law. *Bocquet*, 972 S.W.2d at 21. In a declaratory judgment case, we review a trial court's award of attorney's fees for an abuse of discretion. *Id.* It is an abuse of discretion for a trial court to rule arbitrarily, unreasonably, or without regard to guiding legal principles. *Id*. We must view the evidence in the light most favorable to the trial court's ruling, indulging every presumption in its favor. *Approach Resources I, L.P. v. Clayton*, 360 S.W.3d 632, 639 (Tex. App.—El Paso 2012, no pet.).

Feldman argues that the trial court abused its discretion in holding that the attorney's fees were equitable and just because "[t]he parties controlling the Canadian litigation manipulated the outcome of that suit [by settling and offering releases] and were then allowed to come into the Harris County court and claim there was no subject matter jurisdiction because the Canadian case was settled and, therefore, there was no justiciable controversy to be decided in the declaratory judgment action." However, Feldman fails to acknowledge that the plea in abatement was also based on the pendency of the Canadian proceeding at the time the declaratory judgment was filed, not merely because the Canadian suit subsequently settled.

And, there were circumstances in this case that the court could have determined supported an equitable and just award of attorney's fees to the Ziffs. For example, the Ziffs filed their lawsuit against KPMG in Canada. The Ziffs never asserted a claim against Feldman in the Canadian suit; Feldman was brought into that suit as a third-party defendant by KPMG, not the Ziffs. Once KPMG cross-claimed against Feldman, rather than answer and defend the suit by asserting a lack of personal jurisdiction in the Canadian court, Feldman chose to bring suit in Texas to avoid having to appear in Canada. In effect, Feldman sought to transfer the case from the Ziffs' chosen venue, even though the Ziffs never asserted a claim against him. Finally, when the Ziffs offered Feldman a release for a liability they had never asserted against him, he refused to accept it unless they agreed to pay his attorney's fees. Accordingly, the trial court could have concluded that the declaratory judgment was an attempt at forum shopping by Feldman so that he would not have to appear in Canada and could recover his attorney's fees here in the declaratory judgment action. Under these circumstances, we cannot say that the trial court's award of attorney's fees to the Ziffs was an abuse of discretion.

### Trial Court "Pushed the Jury Toward a Fee Award"?

Before trial, the trial court instructed Feldman that the trial was only as to the amount of attorney's fees, not the Ziffs' entitlement to fees. The trial court warned Feldman to refrain from arguing that the Ziff were not entitled to the fees

17

because the issue of the Ziffs' entitlement to the fees was a matter of law for the court. The Court further warned Feldman that if he made such an argument, the court would have to instruct the jury that the Ziffs' fees were recoverable.

However, when Feldman was being questioned as an expert witness on attorney's fees, he was asked why he was there, and he responded as follows:

> I'm here to—it's a good question why I'm here today. This is like man bites dog situation. I'm here to testify to attorney's fees. Offering an opinion on attorney's fees that were incurred by the Ziff parties. Even though we won the underlying litigation, even though we're vindicated in the underlying litigation.

Counsel for the Ziffs objected, and the trial court sustained the objection, stating "[t]he objection is sustained, that's not relevant . . . . The only issue is the amount of reasonable and necessary attorney's fees, not whether or not they are recoverable. They are recoverable for you to determine what is reasonable and necessary." Thereafter, Feldman repeatedly attempted to argue that he had "prevailed" in the lawsuit and should not have to pay attorney's fees, and each time, the trial court sustained an objection to the relevancy of such testimony instructed the jury to disregard it.

On appeal, appellant argues that the trial court's rulings "improperly nudged" the jury toward an award of fees. Essentially, Feldman argues that the trial court had prematurely determined that the fees were equitable and just and that its rulings led the jury to believe that they must award some amount as

18

reasonable and just. However, Feldman cites no case to support his position that the trial court's "equitable and just" decision *must* be made *after* the jury determines an amount that is "reasonable and necessary." The case Feldman relies on, *Ridge Oil Co., Inc. v. Guinn Investments, Inc.*, 148 S.W.3d 143, 162 (Tex. 2004), merely holds that even after a jury determines an amount that is reasonable and necessary, the trial court has the authority to lower that amount because it is not, as a matter of law, equitable and just. The trial court's rulings correctly stated that the issue of whether Feldman was a "prevailing party" was irrelevant because that goes to whether the award is "equitable and just," which is a legal issue and not for the jury's consideration. *See Bocquet*, 972 S.W.2d at 21. Furthermore, the trial court's statements to the jury were made after the trial court warned Feldman not to get into the issue of whether he was a prevailing party. As such, we cannot agree that the trial court's statements to the jury nudged it toward finding reasonable and necessary fees.

### *Prevailing Party*

Feldman also argues that he was the "prevailing party" in the declaratory judgment action because, by filing the suit, he obtained releases from both the Ziffs and KPMG. We disagree. Feldman did not obtain any of the declaratory relief he requested; he was not a prevailing party. Indeed, the Ziffs and KPMG "prevailed" because they successfully had Feldman's claims dismissed. In any event, an award

19

of attorney's fees is not dependent on a finding that the party "substantially prevailed." *Barshop*, 925 S.W.2d at 637. Thus, the trial court had the discretion to award fees to the Ziffs even if they were not a "prevailing party."

### *Failure to Segregate Fees*

Finally, Feldman argues that the Ziffs failed to segregate their fees "between those legal services performed in defending against the declaratory judgment action and those services that merely furthered the position of the Ziff entities." However, there was evidence from the Ziffs' attorney that, "One hundred percent of our time on this case was responding to this case alone. That was it. We didn't represent anybody else, we didn't work on anybody else's claims."

In *Lindley v. McKnight*, 349 S.W.3d 113, 136 (Tex. App.—Fort Worth 2011, no pet.), the plaintiff argued that the defendant was not entitled to recover attorney's fees related to their unsuccessful motions to transfer venue that they had filed in the declaratory judgment action. In refusing to require the defendant to segregate out those portions of the fees it noted that all of the services provided by the defendant's attorney were incidental to its defense of the plaintiff's declaratory judgment claim even if the service did not affect the ultimate resolution of the claim. *Id.* The same is true here. Thus, no segregation of fees was required.

Having disposed of each issue related to the trial court's award of attorney's fees to the Ziffs, we overrule Feldman's second issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.