# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-18-00837-CV

---

**City of Lakeway, Texas, Appellant**

**v.**

**Cherry Knoll, LLC, Appellee**

---

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-002896
### THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellee Cherry Knoll, LLC (Cherry Knoll) filed a motion to stay this appeal pending resolution of a federal lawsuit concerning the same parties and subject matter. The federal district court had dismissed Cherry Knoll's federal lawsuit, but the Fifth Circuit reversed and reinstated the lawsuit. In applying the doctrine of comity, we find that the facts support granting Cherry Knoll's motion. Therefore, we grant the motion to stay and abate proceedings pending litigation of the federal suit.

### BACKGROUND

On August 17, 2016, Cherry Knoll filed a federal civil rights suit against the City of Lakeway (the City) and others in the U.S. District Court for the Western District of Texas. That lawsuit arises out of the City's effort to acquire a portion of Cherry Knoll's land for a roadway

expansion, which culminated in a 2015 settlement agreement between the City and Cherry Knoll. The claims asserted against the City in the federal lawsuit include federal constitutional claims under 42 U.S.C. § 1983, a claim for equitable rescission of the 2015 settlement agreement, and other claims arising under Texas law.

On June 23, 2017, the City filed the instant breach of contract action in Travis County District Court. In this lawsuit, the City seeks to recover its attorney fees and other costs of litigation in the federal lawsuit on the theory that Cherry Knoll's filing and prosecution of the federal lawsuit violates the 2015 settlement agreement. Cherry Knoll moved for a stay of the Travis County litigation so that the federal lawsuit could proceed, which the Travis County district court granted.

On May 16, 2018, the federal district court dismissed Cherry Knoll's complaint. The Section 1983 claims were dismissed for substantive reasons and the state-law claims were dismissed for lack of subject-matter jurisdiction. Under the terms of the stay granted by the state district court, the federal district court's dismissal triggered an end to the stay of the Travis County litigation, and the parties began litigating in Travis County. Cherry Knoll filed an amended answer in which it asserted, as counterclaims, the same state-law claims that the federal court had dismissed for lack of federal subject-matter jurisdiction. The City filed a plea to the jurisdiction, seeking dismissal of Cherry Knoll's state-law claims on grounds of sovereign immunity and mootness. The state district court denied the City's plea to the jurisdiction, and this interlocutory appeal followed. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (authorizing interlocutory appeal of order that grants or denies plea to jurisdiction filed by governmental unit).

On April 22, 2019, the Fifth Circuit reversed the federal district court and reinstated the federal lawsuit, including Cherry Knoll's state and federal claims. *Cherry Knoll, L.L.C.*

2

*v. Jones*, 922 F.3d 309 (5th Cir. 2019). Cherry Knoll now requests that this Court stay this appeal before this Court pending adjudication of the federal lawsuit.

## DISCUSSION

When an action is pending in a federal court, a party can move to stay a later-filed state-court case under the doctrine of comity. *In re Old Am. Cty. Mut. Fire Ins.*, No. 03-12-00588-CV, 2012 WL 6699052, at *2 (Tex. App.—Austin, Dec. 20, 2012, orig. proceeding) (mem. op.) (citing *Ashton Grove L.C. v. Jackson Walker, L.L.P.*, 366 S.W.3d 790, 794 (Tex. App.—Dallas 2012, no pet.)). In applying the doctrine of comity, the Texas court in which the subsequent action is instituted will generally stay the proceedings pending adjudication of the federal suit. *See Griffith v. Griffith*, 341 S.W.3d 43, 54 (Tex. App.—San Antonio 2011, no pet.). However, staying a proceeding under the doctrine of comity rests within the sound discretion of the court. *Ashton Grove*, 366 S.W.3d at 794.

To obtain a stay of a later-filed case under the doctrine of comity, it is generally necessary that the two suits concern the same subject matter, involve the same issues, seek the same relief, and involve the same causes of action. *Griffith*, 341 S.W.3d at 54 (citing *In re State Farm Mut. Auto. Ins.*, 192 S.W.3d 897, 901 (Tex. App.—Tyler 2006, orig. proceeding)). "One test to determine whether the causes of action are identical is to ascertain whether the parties could obtain all the relief in the prior suit that they would be entitled to in the subsequent action." *Nowell v. Nowell*, 408 S.W.2d 550, 553 (Tex. App.—Dallas 1966, writ dism'd). Courts may also consider additional factors such as which action was filed first, whether the parties are the same in both actions, and the effect of a judgment in a later action on any order or judgment entered in the prior action. *In re BP Oil Supply Co.*, 317 S.W.3d 915, 919 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding).

3

We conclude that these factors weigh in favor of granting Cherry Knoll's motion to stay the proceedings before our Court. The suit filed in federal court and the suit filed in state court concern the same subject matter, involve the same issues, and seek the same relief. In its brief before this Court the City acknowledges as much, stating that "Cherry Knoll asserted these same [state law claims] … in its federal lawsuit." The City has also asserted its state-law claims as counterclaims in the federal lawsuit. Further, Cherry Knoll and the City could obtain all relief in the federal suit to which they would be entitled in the state-court suit, and the federal court is fully competent to address the City's jurisdictional issues. *See, e.g.*, *GLF Constr. Corp. v. LAN/STV*, 414 F.3d 553, 556–58 (5th Cir. 2005) (applying governmental immunity under Texas law).

Additional factors weigh in favor of granting Cherry Knoll's motion to stay the proceedings before our Court. The federal lawsuit is the first-filed suit. Further, a decision from our Court regarding the City's plea to the jurisdiction could impact the first-filed federal lawsuit. As we have noted, the state-court suit is merely a subset of the federal lawsuit. A resolution of the state-court suit would not fully resolve the federal suit but would leave room for inconsistencies and conflict between the two suits. *See In re BP Oil Supply*, 317 S.W.3d at 919.

**CONCLUSION**

For these reasons, we grant Cherry Knoll's motion to stay the appeal and we abate the appeal pending litigation of the federal lawsuit. We further instruct the parties to file a motion to reinstate no later than three months after the resolution of the federal lawsuit.

4

Before Chief Justice Rose, Justices Kelly and Smith

Abated

Filed:   August 14, 2019