

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-21-00190-CV

MICHAEL R KEENAN, ET UX, RAMONA L. KEENAN, APPELLANTS

V.

THOMAS SAMUEL ROBIN, MARY MARGOT CONNOR, DUSTIN WAYNE LUBBOCK, MEREDITH C. LUBBOCK, AND JOHN DOE, LLC, APPELLEES

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 78036C, Honorable Douglas Woodburn, Presiding

February 22, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellants, Michael R. Keenan and Ramona L. Keenan, attempt to appeal an interlocutory summary judgment order not made appealable by statute. Because we do not have jurisdiction to review such an order at this time, we dismiss the attempted appeal for want of subject matter jurisdiction.

The appellate jurisdiction of a court of appeals is generally limited to final judgments and a few, here inapplicable, statutory exceptions. *Lehmann v. Har-Con*

*Corp.,* 39 S.W.3d 191, 195 (Tex. 2001). "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record . . . ." *Lehmann,* 39 S.W.3d at 195. A summary judgment order enjoys no presumption of finality. *See In re Burlington Coat Factory Warehouse of McAllen, Inc.,* 167 S.W.3d 827, 829 (Tex. 2005) (orig. proceeding) (explaining there is no presumption of finality following a summary judgment or default judgment).

According to their live pleadings at the time of judgment, Appellants sued various defendants, including Thomas Samuel Robin; Mary Margot Connor; Dustin Wayne Lubbock; and Meredith C. Lubbock, alleging deprivation of civil and constitutional rights remediable through 42 U.S.C. § 1983, malicious prosecution, and trespass. They also sought injunctive relief, declaratory relief, and attorney's fees under the Uniform Declaratory Judgments Act (UDJA).[1] Defendants joined in filing a hybrid traditional and no evidence motion for summary judgment. Although the motion alleged declaratory relief was unavailable to the plaintiffs as a matter of law, it did not challenge the Plaintiffs' request for an award of attorney's fees under the UDJA.

On an unspecified date, the trial court signed an order (hereinafter "the summary judgment order") which the parties to this appeal maintain suffices as a final judgment. In its entirety, the summary judgment order states:

On the 18th day of August, 2021, came on to be considered Plaintiffs' Motion to Suppress Depositions and Defendants' Motion for Traditional and No Evidence Motion for Summary Judgment, the parties' responses thereto, evidence and arguments or counsel herein. [sic] is of the opinion that Plaintiffs' Motion to Suppress Depositions should in all things be

---

[1] TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001-.011.

2

**DENIED** and Defendants' Motion for Traditional and No Evidence Motion for Summary Judgment should in all things be **GRANTED.**

**IT IS SO ORDERED**

Signed on the _____ day of August, 2021.

The parties assert the summary judgment order should constitute the district court's final judgment. But that argument, given the face of the summary judgment order, is problematic for several reasons identified below.

Generally, a notice of appeal must be filed within thirty days after the trial court signs the judgment being appealed, unless the deadline is extended via a motion for new trial or other post-judgment pleadings. *See* Tex. R. App. P. 26.1. *Kenneth D. Eichner, P.C. v. Dominguez*, 623 S.W.3d 358, 359 (Tex. 2021) (per curiam). Even if the district court intended its summary judgment order to constitute a judgment, we cannot determine when the district court signed the order because the date of signing was left blank. We may be able to make several assumptions about when the order may have been signed, but cannot make a clear determination based on the face of this order.

A further problem with construing the document to constitute a judgment is this: the summary judgment order lacks decretal language expressly adjudicating the rights involved. Simply stating that the motion for summary judgment was granted ordinarily provides nothing more than an indication of the district court's decision on the defendants' motion. *Hicks v. Simmons,* No. 07-16-00344-CV, 2017 Tex. App. LEXIS 3660, at *2 (Tex. App.—Amarillo Apr. 25, 2017, no pet.) (per curiam) (mem. op.) (cleaned up) (citing *Disco Machine of Liberal Co. v. Payton,* 900 S.W.2d 71 (Tex. App.—Amarillo 1995, writ denied)). The summary judgment order does not express a specific settlement of rights

3

between the parties or disclose the specific and final result officially condoned by and recognized under the law. *Id.* (citing *Disco Machine,* 900 S.W.2d at 74). An order lacking decretal language is not a final judgment because it does "not adjudicate the rights involved or evince a final result recognized by the law." *Mendoza v. La. Stone, LLC,* No. 07-15-00133-CV, 2015 Tex. App. LEXIS 10789, at *1-3 (Tex. App.—Amarillo Oct. 20, 2015, no pet.) (per curiam) (mem. op.).

The lack of decretal language adjudicating the rights of the parties is a particularly important problem because the present summary judgment order does not contain the names of all the parties to the litigation. *See* TEX. R. CIV. P. 306 ("The entry of the judgment shall contain the full names of the parties, as stated in the pleadings, for and against whom the judgment is rendered."). While Lazy LR Cattle Company is believed to have been a party at the time the order was signed, it is not identified anywhere in the document.[2] Again, we are left to make assumptions that Lazy LR Cattle Company is supposed to be a named defendant in place of John Doe LLC, but cannot make a clear determination based on the face of this order.

Finally, the order contains no expression of finality. *Lehmann,* 39 S.W.3d at 206 (providing an example of language that leaves no doubt of the court's intentions, *viz.*: "This judgment finally disposes of all parties and all claims and is appealable."). Pertinent here is the fact that Appellants sought an award of attorney's fees in their UDJA claim. Appellees did not challenge the request for an award of attorney's fees under the UDJA as a ground in their motion for summary judgment. Yet a trial court has discretion to

---

[2] Beginning with their First Amended Petition, the Keenans alleged, "The Defendant, previously identified as John Doe LLC, is now known to be Lazy LR Cattle Company, LLC and it is sued in that name." Yet the parties continued to include John Doe LLC in their filed documents as a party in the case.

4

award attorney's fees under the UDJA even when it lacks jurisdiction to adjudicate a claim for declaratory relief. *See Feldman v. KPMG LLP,* 438 S.W.3d 678, 685-86 (Tex. App.— Houston [1st Dist.] 2014, no pet.) (affirming an award of attorney's fees to a defendant under the UDJA even though the plaintiff's declaratory judgment action was dismissed for want of jurisdiction because a trial court may award attorney's fees under UDJA to the prevailing party, the nonprevailing party, or neither and the UDJA does not require a judgment on the merits of the dispute as a prerequisite to a fee award).

We conclude the summary judgment order is not final. Appellate Rule 27.2 affords us discretion to remand the case to the trial court to make final an order that is otherwise interlocutory and unappealable. *See* TEX. R. APP. P. 27.2 ("The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record."). However, we decline to exercise that discretion given the numerous problems with said order.

We accordingly dismiss this attempted appeal for want of subject matter jurisdiction.

Per Curiam

5