**Memorandum Opinion of June 14, 2016 Withdrawn; Motion for Rehearing Denied; Affirmed and Substitute Memorandum Opinion filed July 14, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00387-CV

**SHAYN A PROLER, Appellant**

**V.**

**CITY OF HOUSTON, Appellee**

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2007-30944**

## S U B S T I T U T E   O P I N I O N

Shayn Proler appeals from the trial court's denial of his "Motion for Determination and Award of Attorney's Fees" filed subsequent to the City of Houston's nonsuit of its declaratory judgment action against Proler.

Proler filed a motion for rehearing from our June 14, 2016 opinion. We grant the motion for rehearing, withdraw our prior opinion and judgment, and issue this

opinion and a new judgment in their place. We affirm.

## Factual and Procedural Background

This appeal arises from events in the trial court on remand from the Texas Supreme Court. The procedural history of the case is derived largely from the opinions issued by this court and the Texas Supreme Court in the appeals preceding the remand. *City of Houston v. Proler*, 437 S.W.3d 529 (Tex. 2014); *City of Houston v. Proler*, 373 S.W.3d 748 (Tex. App.—Houston [14th Dist.] 2012), *aff'd in part*, *rev'd in part*, *City of Houston v. Proler*, 437 S.W.3d 529 (Tex. 2014).

Proler was a firefighter in the Houston fire department. *Proler*, 437 S.W.3d at 530. Proler was twice reassigned to the fire training academy after incidents in which it appeared that he was unable to perform his duties as part of one of the department's fire suppression units. *Id.* at 531. Pursuant to a collective bargaining agreement, Proler filed an administrative grievance challenging his reassignment to the academy and requesting reassignment to a fire suppression unit. *Id.* This grievance was unsuccessful. *Proler*, 373 S.W.3d at 753. Proler appealed to an independent hearing examiner, who signed an order directing the fire department to reassign Proler to a fire suppression unit and pay him certain lost compensation. *Id.* The City of Houston appealed the award to the 234th District Court, asserting jurisdiction under the Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code § 37.001 *et seq.*, and section 143.057(j) of the Local Government Code.[1]

---

[1] "A district court may hear an appeal of a hearing examiner's award only on the grounds that the arbitration panel was without jurisdiction or exceeded its jurisdiction or that the order was procured by fraud, collusion, or other unlawful means. An appeal must be brought in the district court having jurisdiction in the municipality where the fire . . . department is located. Tex. Loc. Gov't Code Ann. § 143.057(j) (West 2008).

Proler filed a plea to the jurisdiction and counterclaimed for disability discrimination under state and federal law. *Id.* at 754. The trial court granted the plea to the jurisdiction, dismissing the City's declaratory judgment action. *Id.* Proler's disability claims proceeded to trial. *Id.* A jury found that the City had discriminated against Proler, but awarded no damages. *Id.* However, the trial court awarded attorney's fees related to the discrimination claim, as well as $67,160 in attorney's fees related to the City's declaratory judgment action that was dismissed for want of jurisdiction. *Id.* at 767.

The City appealed from the trial court's judgment and the judgment was reviewed by this court in *City of Houston v. Proler*. 373 S.W.3d 748. The City argued, *inter alia*, that the trial court: (1) erred in granting Proler's plea to the jurisdiction and dismissing the City's petition for declaratory judgment; and (2) erred in awarding Proler attorney's fees related to both the declaratory judgment action and Proler's disability counterclaim. *Id.* at 752. This court agreed with the City and reversed the trial court's order dismissing the City's petition for want of jurisdiction as well as the trial court's award of attorney's fees related to the City's declaratory judgment action. *Id.* at 767–78. This court then affirmed the remainder of the trial court's judgment on Proler's disability counterclaims.

The City then appealed this court's affirmance of the relief granted on Proler's disability counterclaims to the Texas Supreme Court. *Proler*, 437 S.W.3d at 530–31. The Texas Supreme Court granted the City's petition for review and considered Proler's discrimination claims on the merits, but did not review this court's reversal of the dismissal of the City's declaratory judgment action and reversal of the related fee award of $67,106. *Id.* at 532. At the outset of its opinion, the Texas Supreme Court stated that: Proler was not challenging the reversal of the trial court's dismissal and fee award; any challenge to the reversal

was therefore waived; and this court's reversal remained in effect. *Id.* & n.5. The Court then concluded that Proler's discrimination claims were without merit, reversed the portion of this court's judgment affirming the trial court's grant of relief, and rendered a take-nothing judgment on those discrimination claims. *Id.* at 536. After disposing of Proler's discrimination claims, the Supreme Court remanded the remainder of the case to the trial court "for further proceedings on the City's claim." *Id.*

After the case was remanded to the trial court, the City nonsuited its declaratory judgment claim without prejudice. Subsequent to the notice of nonsuit, Proler filed a "Motion for Determination and Award of Attorney's Fees" under section 37.009 of the Uniform Declaratory Judgments Act. Tex. Civ. Prac & Rem. Code § 37.009 (West 2015). Proler's motion argued that the trial court should restore its original fee award of $67,160 in light of the City's nonsuit. The City countered that Proler's request for attorney's fees was not a "claim for affirmative relief" under Texas Rule of Procedure 162 and should not be granted subsequent to the nonsuit. The trial court denied Proler's motion. Proler timely filed this appeal, challenging the trial court's denial of his motion for attorney's fees.

**Analysis**

We review a trial court's denial of a motion for attorney's fees for abuse of discretion. *Chappell Hill Bank v. Smith*, 257 S.W.3d 320, 325 (Tex. App.—Houston [14th Dist.] 2008, no pet.). "A trial court abuses its discretion if it clearly fails to correctly analyze or apply the law . . . or acts arbitrarily and without regard to guiding rules or principles." *Id.* (internal citation omitted).

Proler contends that the trial court's denial of his motion was "arbitrary [] in the absence of any consideration of underlying grounds," "grossly inequitable under the circumstances," and "undeniably contrary to the applicable guiding

4

principles of Rule 162." Rule 162 of the Texas Rules of Civil Procedure provides that the dismissal of an action by a plaintiff's own nonsuit "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief." Tex. R. Civ. P. 162 (West 2015). Proler argues that, because the trial court previously awarded him attorney's fees related to the City's declaratory judgment action, he had a "pending claim for affirmative relief" that persisted on the remand of that action. Proler equates the denial of this "pending claim" to a complete foreclosure of his right to be heard under Rule 162.

While it is true that "a nonsuit does not affect any pending claims for affirmative relief or motion for attorney's fees," a trial court is not required to award attorney's fees to a defendant simply because a claim was pending prior to a plaintiff's nonsuit. *Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011); *Hatton v. Grigar*, 66 S.W.3d 545, 557 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Rule 162 merely "permits the trial court to hold hearings and enter orders affecting . . . attorney's fees . . . even after notice of nonsuit is filed"; it does not mandate that the court award the attorney's fees requested. *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex. rel Shultz*, 195 S.W.3d 98, 101 (Tex. 2006) (per curiam). Likewise, the Declaratory Judgments Act "does not require an award of attorney's fees . . . but merely provides that a court 'may' award them." *Hatton*, 66 S.W.3d at 557. "The Act entrusts attorney fee awards to the trial court's sound discretion." *Id.* (citing *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998)).

There is nothing in the single-sentence denial of Proler's motion that reveals the egregious abuse of discretion that Proler alleges. In the trial court, Proler argued that attorney's fees were appropriate because the trial court had determined them to be appropriate before the remand and, therefore, it was "not necessary for th[e] Court to take the time to re-examine the extensive proceedings related to

5

Proler's application for fees." Proler provides no authority for this proposition, and there is no indication that the trial court failed to correctly apply the law in rejecting it. Further, Proler does not demonstrate that the trial court denied his motion simply because it was filed subsequent to the nonsuit, as is prohibited by Rule 162. Assuming without deciding that Proler's claim was a "pending claim for affirmative relief" at the time of the nonsuit, we hold that the trial court did not violate Rule 162 or otherwise abuse its discretion in denying Proler's motion for attorney's fees.

We affirm the judgment of the trial court denying Proler's motion.


/s/     Marc W. Brown
        Justice


Panel consists of Justices Jamison, Donovan, and Brown.