**AFFIRMED; Opinion Filed November 1, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01286-CV

**PETER BEASLEY, Appellant**
**V.**
**SOCIETY OF INFORMATION MANAGEMENT, DALLAS AREA CHAPTER, Appellee**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-03141**

## MEMORANDUM OPINION

Before Justices Myers, Evans, and Brown
Opinion by Justice Evans

Appellant Peter Beasley appeals the award of attorney's fees in favor of appellee Society

of Information Management, Dallas Area Chapter.[1]  Beasley also asserts that the trial court lacked

jurisdiction to award attorney's fees to SIM-DFW.  Finally, Beasley asserts that the trial court

judge should be disqualified or recused based upon certain rulings.  We affirm.

### BACKGROUND

SIM-DFW is a national, professional society of information technology (IT) leaders which

seeks to connect senior level IT leaders with peers, provide opportunities for collaboration, and

provide professional development.  Beasley was a member of SIM-DFW until April 19, 2016 when

he was removed from the chapter during a board of directors' meeting.

---

[1] Appellee notes in its brief that its correct name is the Society *for* Information Management, not the Society of Information Management and that it is locally known as SIM-DFW.  Accordingly, we refer to appellee as SIM-DFW.

In March 2016, Beasley filed a petition against SIM-DFW alleging claims for injunctive relief, breach of fiduciary duty, and for whistleblower protection under the Sarbanes-Oxley Act of 2002. On July 5, 2016, Beasley filed a motion for partial summary judgment requesting that the court sustain two of his declaratory judgment causes of action. Following the hearing held on August 15, 2016, the trial court denied this motion by order dated August 18, 2016.

On June 30, 2017, Beasley filed a sixth amended petition which limited his claims to claims for declaratory relief. Three causes of action sought declarations that: (1) the April 19, 2016 expulsion meeting was void; (2) the actions taken by the board following his expulsion are also void until ratified by Beasley; and (3) SIM-DFW's bylaws and articles of incorporation prohibit charitable donations of SIM-DFW's assets to non-members.

It appears that Beasley later filed a motion for no-evidence summary judgment and another motion for partial summary judgment. SIM-DFW also appears to have filed a traditional and no-evidence motion for summary judgment. A hearing for all of these summary judgment motions was set for October 16, 2017.[2] On October 5, 2017, however, plaintiff filed a notice of nonsuit and motion to dismiss all claims against all parties without prejudice.[3] On October 18, 2017, SIM-DFW filed a motion for sanctions which stated that it had incurred attorney's fees in excess of $193,000 in this lawsuit. During the hearing on this motion, the trial court requested that the parties provide briefing on whether there was a live request for attorney's fees. The trial court specifically requested briefing as to whether this situation merited an award of attorney's fees if Beasley nonsuited to avoid an unfavorable ruling. Both parties submitted additional briefing and

---

[2] Neither Beasley's nor SIM-DFW's motions for summary judgment were included in the clerk's record but the record does contain hearing notices for these motions.

[3] The record also contains references to the fact that Beasley's responses to SIM-DFW's motions for summary judgment were due on October 5, 2017—the same day that he filed his nonsuit and motion to dismiss all claims.

a hearing was held on November 3, 2017.[4]  Following the November 3 hearing, SIM-DFW's counsel submitted a proposed order and the affidavits of Robert A. Bragalone and Peter S. Vogel supporting the request for attorney's fees in excess of the amount the trial court awarded.  By order dated November 3, 2017, the trial court granted SIM-DFW's request for attorney's fees and awarded it $211,032.02.  In addition, the trial court's order granting attorney's fees recited the following:

1.  Plaintiff filed certain declaratory judgment claims on April 15, 2016.

2.  Defendant moved for summary judgment on those claims.

3.  The hearing on the motion for summary judgment was scheduled for October 12, 2017, making Plaintiff's response due on October 5, 2017.

4.  On October 5, 2017, in lieu of filing a response to the motion for summary judgment, Plaintiff nonsuited his entire case.

5.  The following factors support a finding that the nonsuit was filed to avoid an unfavorable ruling on the merits:

(a) the timing of the nonsuit;

(b) the strength of the motion for summary judgment;

(c) the failure to respond to the motion;

(d) the Plaintiff's prior litigation history, including a dismissal of all claims after resting his case during trial, which dismissal he then appealed to the Dallas Court of Appeals;[5] and

(e) Plaintiff's conduct during this very contentious litigation, including his conduct as a *pro se* party and as a Plaintiff in conjunction with five different appearances by lawyers, including the resources of eight (8) different judges in six (6) different courts.

On November 8, 2017, Beasley filed a verified motion to disqualify and recuse judge.  On December 18, 2017, Beasley filed a first and second notice of appeal in which Beasley appeals

---

[4] According to the briefing, there is no transcript for the November 3, 2017 hearing.

[5] The reference to the case involving a dismissal of all claims is to an unrelated case titled *Beasley v. Richardson*, No. 05-15-01156-CV, 2016 WL 5110506 (Tex. App.—Dallas 2016, pet. denied).

from "the Final Judgment order entitled 'Order Granting Attorney's fees [sic] as Prevailing Party on Declaratory Judgment Claims' for Defendant."[6]

## ANALYSIS

### A.      Summary Judgment and Award of Attorney's Fees

In the first issue, Beasley presents an argument which seeks for this Court to "correct a denied motion for summary judgment when the court erred, as a matter of law, by declaring the wrong party as having prevailed in support of an unnecessary, unreasonable, unjust and inequitable judgment for attorney fees."   In four sub-issues, Beasley argues as follows:   (1) the award of attorney's fees is erroneous where there is no showing it was reasonable, necessary, just or equitable and when Beasley should have prevailed on the declaratory judgment claim; (2) the expulsion was void, as a matter of law for violating due process, as the Board refused to tell Beasley the reasons he faced expulsion and did not provide proper notice, and Beasley was entitled to relief by summary judgment; (3) the expulsion was void, as a matter of law, as the Board did not have a quorum and Beasley was entitled to summary judgment; and (4) the finding of "who prevailed" is an issue of fact to have been tried by a jury.

Beasley argues that the "trial court entered a final judgment declaring SIM Dallas the prevailing party on Beasley's denied motion for summary judgment."   The trial court's order granting attorney's fees, however, is unrelated to Beasley's July 5th motion for partial summary judgment.   As stated in the order, the trial court declared SIM-DFW the prevailing party on Beasley's declaratory judgment claims and granted SIM-DFW an award of attorney's fees

---

[6] Although we construe pro se pleadings and briefs liberally, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with the applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.); *see also Gonzalez v. VATR Const. LLC*, 418 S.W.3d 777, 784 (Tex. App.—Dallas 2013, no pet.) ("Appellate courts must construe briefing requirements reasonably and liberally, but a party asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law support his contention.").   To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *In re N.E.B.*, 251 S.W.3d at 212.

pursuant to section 37.009 of the Texas Civil Practice and Remedies Code. Accordingly, to the extent that Beasley is arguing that an award of attorney's fees to SIM-DFW under section 37.009 was improper, we address such arguments below in sections A(1) and (2).[7] To the extent that Beasley is reasserting summary judgment arguments which were previously denied by the trial court, we will not address such arguments in this opinion because Texas law generally prohibits appellate review of a trial court's interlocutory order denying a party's motion for summary judgment.[8] *See Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007) (recognizing that the denial of summary judgment is normally not appealable); *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996) ("The general rule is that a denial of a summary judgment is not reviewable on appeal."). Here, Beasley's motion was a motion for partial summary judgment and it is not properly before us. *See id.*

### 1) Attorney Fees (Sub-issue One)

In sub-issue one of the first issue, Beasley argues that the award of attorney's fees is erroneous because the award was unnecessary, unreasonable, unjust and inequitable.[9] Here, Beasley argues that the fees awarded were not just or equitable because SIM-DFW could have reduced its fees by taking certain actions such as pursuing dismissal of Beasley's lawsuit prior to engaging protracted and costly discovery. Beasley also argues that the amount of fees requested by SIM-DFW's attorneys could not be considered reasonable because such an amount was not "reasonable and necessary in defense of 'who is a member of a voluntary association.'"

---

[7] We address sub-issue one of the first issue to the extent Beasley is arguing that the award of attorney fees is erroneous in section A(1). We also address sub-issue four of the first issue as to whether "who prevailed" is an issue of fact to have been tried by a jury in section A(2).

[8] For the reasons stated in the text, we will not address sub-issue one of the first issue to the extent that Beasley is arguing that he should have prevailed on the declaratory judgment claim. We will also not address sub-issues two or three of the first issue which are summary judgment arguments previously made by Beasley which are not properly before us.

[9] Section 37.009 of the Texas Civil Practice & Remedies Code provides that "[i]n any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are just and equitable."

In response, SIM-DFW notes that the trial court requested, and it provided, affidavits of defense counsel supporting the request for attorney's fees. SIM-DFW noted that the affidavits detailed "the amount of fees incurred in the defense of Appellant's claims, segregate the time spent defending the declaratory judgment claims as opposed to the other claims in the lawsuit, and address the factors in *Arthur Andersen v. Perry Equipment Corp.*, 945 S.W.2d 812 (Tex. 1997)." In response to Beasley's arguments about what SIM-DFW could have done to reduce its fees, SIM-DFW notes that the trial court "relied on the procedural history of the case and Appellant's litigation history as an experienced *pro se* litigant who abuses the courts, wastes significant judicial resources, and uses lawsuits as a means to 'negotiate' private and non-justiciable matters to his satisfaction."[10] SIM-DFW further asserts that because there is no reporter's record for the November 3, 2017 hearing, this Court must presume that the evidence supports the trial court's judgment.

An award of attorney's fees under the Declaratory Judgments Act is reviewed for abuse of discretion. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). The trial court does not abuse its discretion when its decision is based on conflicting evidence and some evidence in the record reasonably supports the trial court's decision. *Indian Beach Prop. Owners' Ass'n v. Linden,* 222 S.W.3d 682 (Tex. App.—Houston [1st Dist.] 2007, no pet.). It is an abuse of discretion for the trial court to rule arbitrarily, unreasonably, or without regard to guiding legal principles. *Bocquet,* 972 S.W.2d at 21. In addition, we review the evidence in the light most favorable to the trial court's ruling, indulging every presumption in its favor. *Feldman v. KPMG LLP*, 438 S.W.3d 678, 686 (Tex. App.—Houston [1st Dist.] 2014, no pet).

---

[10] As noted above, the trial court considered both Beasley's prior litigation history and his conduct during this litigation when awarding SIM-DFW its attorney's fees and costs in defense of the declaratory judgment claims.

The Declaratory Judgments Act imposes four limitations on the court's discretion to award attorney's fees. *Bocquet,* 972 S.W.2d at 21. The first two limitations are that the fees must be reasonable and necessary and these are fact questions for the trier of fact's determination.[11] *See id.* The other two limitations on attorney's fees are that they must be equitable and just and these are questions of law. *Feldman*, 438 S.W.3d at 686.

In regard to the reasonableness and necessity of the fees, a factfinder should consider the following facts: 1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the particular appointment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainly of the collection before the legal services have been rendered. *See Arthur Andersen & Co.*, 945 S.W2d at 818. In this case, SIM-DFW submitted the affidavits following the hearing which addressed the amount of fees incurred in the defense of Beasley's claims, segregated the time spent defending the declaratory judgment claims as opposed to the other claims in the lawsuit, and addressed the *Arthur Andersen* factors. Further, we note that we do not have a reporter's record of the November 3, 2017 hearing to review. Without this record, we are unable to evaluate what evidence or testimony was relied on by the trial court during the hearing and we must presume that the evidence supports the trial court's judgment. *See Favaloro v. Comm'n for Lawyer Discipline*, 994 S.W.2d 815, 821 (Tex. App.—Dallas 1999, pet. stricken) ("If the appellant fails to bring forward a complete record, the court will conclude appellant has

---

[11] We address the issue of why a jury did not determine the amount of fees in section A(2), *infra.*

waived the points of error dependent on the state of the evidence."); *Rush v. Barrios*, 56 S.W.3d 88, 96 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) ("No record was made of the hearing on the motion for fee forfeiture, and we must support the judgment of the trial court on any legal theory applicable to the case."). Finally, we note that the trial court did not award SIM-DFW the full amount of the fees it requested. Based on our review of the record, we cannot conclude that the trial court abused its discretion in determining that attorney's fees in the amount of $211,032.02 were reasonable and necessary.

Under section 37.009, a trial court may exercise its discretion to award attorney's fees to the prevailing party, the nonprevailing party, or neither. *Feldman*, 438 S.W.3d at 685. Here, the trial court determined that SIM-DFW was the prevailing party on Beasley's declaratory judgment claims and was entitled to an award of attorney's because Beasley had filed a nonsuit to avoid an unfavorable ruling. *Epps v. Fowler*, 351 S.W.3d 862, 870(Tex. 2011). (holding that a defendant may be a prevailing party when a plaintiff nonsuits without prejudice if the trial court determines, on the defendant's motion, that the nonsuit was taken to avoid an unfavorable ruling on the merits). In its order, the trial court stated that it considered the pleadings, evidence, and arguments of counsel and listed numerous factors in support of its decision to award fees, such as Beasley's prior litigation history, the timing of the nonsuit, and Beasley's conduct in this litigation. We note that the determination of whether an award of attorney's fees would be equitable or just is not susceptible to direct proof but instead is a matter of fairness in light of all the circumstances. *See Anglo-Dutch Petroleum Int'l v. Greenberg Peden, P.C.,* 522 S.W.3d 471, 494 (Tex. App.—Houston [14th Dist.], pet. denied). Under the circumstances described above, we conclude that the trial court did not abuse its discretion in determining that an award of fees to SIM-DFW was equitable and just.

Accordingly, we overrule Beasley's sub-issue one of the first issue.

### 2. **Waiver of Jury Trial (Sub-issue Four)**

In sub-issue four of the first issue, Beasley argues that all questions of fact should be decided by a jury and that his declaratory judgment action "was entitled to trial by a jury." In regard to this argument, we note that there was no issue of fact for a jury to determine following Beasley's nonsuit of his declaratory judgment claims. Beasley then argues that the "determination of the amount of fees that are reasonable and necessary is a question of fact for the jury." We agree with Beasley's assertion that the reasonableness and necessity of fees is a fact issue. *Bocquet*, 972 S.W.2d at 21. Beasley, however, has not set forth any evidence that he raised an objection to the trial court, not a jury, making this determination. As an appellate court, we review a trial court's ruling or an objection to its refusal to rule. *See* Tex. R. App. P. 33.1(a)(2); *Texas Dep't of Protective & Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex.2001) (constitutional claim on appeal in paternity suit waived by failure to raise complaint at trial) (citing *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex.1993)); *Quintana v. CrossFit Dallas, L.L.C.*, 347 S.W.3d 445, 448–49 (Tex. App.—Dallas 2011, no pet.). "Important prudential considerations underscore our rules on preservation. Requiring parties to raise complaints at trial conserves judicial resources by giving trial courts an opportunity to correct an error before an appeal proceeds." *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003). This is called preservation of error and requires that "a party's argument on appeal must comport with its argument in the trial court." *Knapp v. Wilson N. Jones Mem'l Hosp.*, 281 S.W.3d 163, 170 (Tex. App.—Dallas 2009, no pet.); *see* TEX. R. APP. P. 33.1(a)(1). If an issue has not been preserved for appeal, we should not address it because nothing is presented for our review. *See In re R.B.*, 200 S.W.3d 311, 317 (Tex. App.—Dallas 2006, pet. denied) (preservation of error requires a timely objection in the absence of which nothing is presented for appellate court review).

Here, Beasley's supplemental brief, as requested by the trial court, did not contain any objection to the trial court determining the reasonableness or necessity of attorney's fees.[12] Further, there is no reporter's record of the November 3, 2017 hearing so there is no record that any objection was made and ruled upon by the trial court. Accordingly, as Beasley cannot demonstrate that error was preserved, he has waived his right to complain on appeal that the trial court denied his right to a jury on the issue of reasonableness and necessity of fees. *See Sunwest Reliance Acquisitions Group v. Provident Nat'l Assurance Co.*, 875 S.W.2d 385, 387 (Tex. App.—Dallas 1993, no pet.) (holding that "when a party has perfected its right to a jury trial in accordance with rule 216 but the trial court instead proceeds to trial without a jury, the party must, in order to preserve any error by the trial court in doing so, either object on the record to the trial court's action or indicate affirmatively in the record it intends to stand on its perfected right to a jury trial."). Accordingly, in this instance, the trial court was the proper party to decide the issue of attorney fees because Beasley waived his right to have a jury decide this issue. For all the reasons described above, we overrule Beasley's sub-issue four of the first issue.

### B. Lack of Jurisdiction to Award Attorney's Fees

In Beasley's second issue, he argues that the trial court lacked jurisdiction to have a nonsuited defendant file a motion for attorney's fees and subsequently grant an award of fees which had not been requested before the nonsuit. Rule 162 provides that a dismissal "under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court." TEX. R. CIV. P. 162.

---

[12] In his objections to the Bragalone and Vogel (SIM-DFW's trial court attorneys) affidavits, Beasley did make the following objection: "Plaintiff further objects to the use of the evidence as a denial of due process and plaintiff's right to trial by jury." This objection, however, was filed after the hearing took place on November 3, 2017.

Both parties concede that SIM-DFW's answer contained a request for attorney's fees in its conclusion and prayer.[13] To the extent that Beasley is contesting the timeliness of SIM-DFW's request for attorney's fees, we find Beasley's argument unpersuasive. The Texas Supreme Court has decided that "the trial court retains jurisdiction to address collateral matters, such as motions for sanctions, even when such motions are filed after the nonsuit" while the court retains its plenary power. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010); *see also Scott & White Mem'l Hosp. v. Schexnider,* 940 S.W.2d 594, 596 (Tex. 1996) ("Rule 162 merely acknowledges that a nonsuit does not affect the trial court's authority to act on a pending sanctions motion; it does not purport to limit the trial court's power to act on motions filed after a nonsuit. In this case, the trial court imposed sanctions while it retained plenary jurisdiction. Nothing in Rule 162 or any previous decision of this Court deprives a trial court of this power."). Courts impose sanctions against parties filing frivolous claims to deter similar conduct in the future and to compensate the aggrieved party by the costs it incurred in defending baseless pleadings. *Travelers Ins. Co.*, 315 S.W.3d at 864. Rule 162 would frustrate these purposes if it allowed a party to escape sanctions by simply nonsuiting the aggrieved party. *Id.* at 864–65. The same analysis applies to a motion for attorney's fees filed after a nonsuit. *See Proler v. City of Houston*, 499 S.W.3d 12, 15 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("Rule 162 'permits the trial court to hold hearings and enter orders affecting . . . attorney's fees . . . even after notice of nonsuit is filed.'").

Here, the trial court elected not to award sanctions but requested that the parties provide briefing on the issue of attorney's fees. The trial court's order concluded that Beasley nonsuited his case to avoid an unfavorable ruling on the merits and, following a hearing, the trial court elected to award attorney's fees pursuant to section 37.009 of the Texas Civil Practice and Remedies Code.

---

[13] The clerk's record does not contain a copy of SIM-DFW's answer.

Further, all of these actions took place within the trial court's plenary jurisdiction.[14]  Accordingly, we cannot conclude that the request for attorney's fees was untimely.

Beasley also argues that the attorney's fees should not be allowed because "a trial judge is prohibited from imposing sanctions, veiled as attorney's fees, against a nonsuiting party on the court's own motion."  In support of this assertion, Beasley cites to *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001).  The *Dean* case, however, addresses the impact of a voluntary dismissal of a civil rights case on whether defendant was entitled to attorney's fees as a prevailing party under 42 U.S.C. § 1983.  *Id.* at 507.  That court ultimately remanded the case to the trial court for a determination of whether plaintiff withdrew to avoid an unfavorable judgment on the merits.  *Id.* at 511.  As the *Dean* case addresses attorney's fees under a federal statute, we do not find it relevant or persuasive.  We note, however, that the trial court in this case did conclude that Beasley filed a nonsuit to avoid an unfavorable ruling on the merits and, as described above, awarded SIM-DFW its attorney's fees in accordance with section 37.009 of the Texas Civil Practice and Remedies Code.

For all the reasons described above, we overrule Beasley's second issue.

### C.      Disqualification and Recusal

In his third issue, Beasley argues that the trial court judge should have been disqualified or have recused herself for advocating for one party over another.  Beasley specifically argues that the trial judge should have been recused or disqualified because she was not impartial and acted as counsel for SIM-DFW.

---

[14] The order of dismissal was signed on October 9, 2017.  Therefore, the trial court's plenary jurisdiction expired thirty days after October 9, 2017.  *See In re Bennett*, 960 S.W.35, 38 (Tex. 1997) ("However, the signing of an order dismissing a case, not the filing of a notice of nonsuit, is the starting point for determining when a trial court's plenary power expires.").

### 1) Additional facts

On November 8, 2017, Beasley filed a verified motion to disqualify and recuse judge. Judge Moore declined to recuse herself and requested that another judge be assigned to hear the motion. On November 22, 2017, the presiding judge of the judicial region signed an order denying plaintiff's motion to disqualify and recuse judge which provided as follows:

> After considering the evidence, the undersigned finds the motion should be denied. Without limitation, the motion is untimely because Plaintiff's complaints and evidence show that the rulings and actions of the judge for which he seeks recusal begin in January of 2017 and continue throughout 2017. Yet Plaintiff did not file a recusal motion until November 20, 2017. While one of Plaintiff's assertions is that the judge became an advocate for Defendant at a sanctions hearing, such complaint, again, is lodged after many months of rulings and actions Plaintiff contends support recusal; the judge's November 3 ruling on sanctions also is grounded in the history of the case.
>
> \*\*\*
>
> To the extent Plaintiff seeks disqualification of the judge, he has presented no valid legal or factual basis for disqualification.

### 2) Analysis

Beasley argues that the trial court judge should have been disqualified pursuant to the Texas Constitution and the Texas Rules of Civil Procedure because she acted as counsel in the case.[15] Beasley specifically argues that the trial judge "conducted legal research" and "advocated" that SIM-DFW could pursue attorney's fees. Here, however, there was no assertion that the trial judge has served as a lawyer in the matter in controversy. Before a judge is disqualified on this ground, "it is necessary that the judge acted as counsel for some of the parties in [the] suit before him in some proceeding in which the issues were the same as in the case before him." *In re*

---

[15] *See* TEX. CONST. art. V, § 11 ("No judge shall sit in any case wherein the judge may be interested, or where either of the parties may be connected with the judge, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when the judge shall have been counsel in the case."); TEX. R. CIV. P. 18b(a)(1) ("A judge must disqualify in any proceeding in which: the judge has served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter . . . .").

*O'Connor*, 92 S.W.3d 446, 448 (Tex. 2002). Beasley's argument that the trial judge acted "as counsel" in this case because the trial judge conducted independent research and requested further briefing or expressed her thoughts at hearings does not fall within the scope of the disqualification grounds of either the Constitution or the Texas Rules of Civil Procedure and, accordingly, we overrule this argument.

Beasley also argues that the trial court should have recused herself because of her bias and prejudice against him. The Texas Rules of Civil Procedure provide that a judge must recuse in any proceeding in which the judge's "impartiality might reasonably be questioned" or if the judge has a "personal bias or prejudice concerning the subject matter of a party." *See* TEX. R. CIV. P. 18b(b)(1)-(2). We review an order denying a motion to recuse for abuse of discretion. *Drake v. Walker*, 529 S.W.3d 516, 528 (Tex. App.—Dallas 2017, no pet.). The movant bears the burden of proving recusal is warranted, and the burden is met only through a showing of bias or impartiality to such an extent that the movant was deprived of a fair trial. *Id.* Further, bias by an adjudicator is not lightly established and judicial rulings alone almost never constitute a valid basis for a motion to recuse based on bias or partiality. *Id.* Here, Beasley argues that the trial judge was biased because she raised the vexatious litigant statute during a hearing, requested additional briefing on the issue of attorney's fees, and subsequently awarded a "large, flagrant attorney fees award against Beasley." We conclude that Beasley did not meet his burden to establish bias and overrule his third issue.

## CONCLUSION

On the record of this case, we affirm the trial court's judgment.

/David Evans/
DAVID EVANS
JUSTICE

171286F.P05

–14–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PETER BEASLEY, Appellant

No. 05-17-01286-CV          V.

SOCIETY OF INFORMATION
MANAGEMENT, DALLAS AREA
CHAPTER, Appellee

On Appeal from the 162nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-03141.
Opinion delivered by Justice Evans.
Justices Myers and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee SOCIETY OF INFORMATION MANAGEMENT, DALLAS AREA CHAPTER, recover its costs of this appeal from appellant PETER BEASLEY.

Judgment entered this 1st day of November, 2018.