

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00178-CV
_____

**MCDOUGAL FAMILY PARTNERSHIP, LTD., A TEXAS LIMITED PARTNERSHIP; D. MARC MCDOUGAL, INDIVIDUALLY AND AS TRUSTEE OF THE D. MARC MCDOUGAL TRUST; DELBERT MCDOUGAL, INDIVIDUALLY; AND CAROLYN MCDOUGAL, INDIVIDUALLY, APPELLANTS**

V.

**MICHAEL C. MCDOUGAL, INDIVIDUALLY AND AS TRUSTEE OF THE MICHAEL C. MCDOUGAL TRUST; AND MCDOUGAL 2012, INC., A TEXAS CORPORATION, APPELLEES**

_____

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2016-521,617, Honorable John B. Board, Presiding

_____

May 11, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellants are the McDougal Family Limited Partnership; D. Marc McDougal, individually and trustee of the D. Marc McDougal Trust; Delbert McDougal; and Carolyn McDougal (collectively "McDougal"). Appellees are Michael C. McDougal, individually and as trustee of the Michael McDougal Trust, and McDougal 2012, Inc. (collectively "Mike").

On our own motion, we questioned the finality and appealability of the trial court order McDougal attempts to challenge on appeal and requested supplemental letter-briefing from the parties. We have also considered the parties' briefing on the merits, the record, and their letter briefs. In its brief, McDougal questions our jurisdiction; in its letter brief, Mike argues the April 24 Order is not final because it does not dispose of its request for attorney's fees. After reviewing the record and considering the parties' briefing, we conclude an appealable order has not been rendered in the case. Accordingly, the appeal is dismissed for lack of subject matter jurisdiction.

Background

As a part of continuing litigation over potential future income tax liability and other disputes regarding alleged transactions with a company named S3 Digital Corporation, McDougal sued Mike for injunctive and declaratory relief and sought an award of attorney's fees under Texas Civil Practice and Remedies Code section 37.009.[1] There also appear allegations suggesting money had and received, though none of the parties described the allegations as such.[2] In a subsequent amended petition, McDougal added a breach of contract claim; Mike's answer included a counterclaim for breach of contract and a request for attorney's fees under section 37.009. Through orders on the parties'

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ann. § 37.009 (West 2020) (providing courts "may award costs and reasonable and necessary attorney's fees as are equitable and just.").

[2] For example, McDougal alleged that Mike's filing of tax form 1099 regarding S3 Digital constitute a fraudulent attempt "to receive in McDougal 2012, Inc. proceeds of a transaction that rightfully belong to one of the other McDougal entities."

motions for partial summary judgment, the trial court resolved their breach of contract claims.

Mike then filed a motion to dismiss on the ground that the trial court lacked subject matter jurisdiction over the remaining claims. On April 24, 2019, the trial court signed an order entitled "Order Granting [Mike's] Amended Motion to Dismiss for Want of Jurisdiction." The order states, "[a]fter considering the motion, evidence, authorities, and arguments of counsel, the Court finds [Mike's motion to dismiss] should be granted and this case should be dismissed." The decretal sentence that follows states, "It is therefore, ordered that this case be DISMISSED." Mike's attorney signed the order beneath the notation "approved as to form and substance."

Analysis

As a rule, the appellate jurisdiction of a court of appeals is limited to review of final judgments and interlocutory orders made immediately appealable by statute. *Lockridge v. Martin,* No. 02-21-00047-CV, 2021 Tex. App. LEXIS 2861, at *1-2 (Tex. App.—Fort Worth Apr. 15, 2021, no pet. h.) (mem. op.) (citing *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001)); *see* TEX. CIV. PRAC. & REM. CODE ann. § 51.014 (West Supp. 2020) (providing appeal from certain interlocutory orders). If the challenged judgment does not follow a conventional trial on the merits, it enjoys no presumption of finality. *Crites v. Collins,* 284 S.W.3d 839, 840 (Tex. 2009) (per curiam) (citing *Lehmann,* 39 S.W.3d at 199-200); *Jesse James Fitness, LLC v. Stiles,* No. 02-19-00417-CV, 2020 Tex. App. LEXIS 1444, at *3 (Tex. App.—Fort Worth Feb. 20, 2020, no pet.) (mem. op.). Determining the appealability of such judgments requires the reviewing court to conclude whether the judgment unequivocally states that it disposes of all parties and claims or

3

whether it actually disposes of all parties and claims. *See Lehmann,* 39 S.W.3d at 192-93 (holding that "a judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties."). There are no "magic words" establishing a judgment's finality, but a statement in the judgment that it is final, disposes of all claims and parties, and is appealable has been held to express the instrument's intended finality. *Bella Palma, LLC v. Young,* 601 S.W.3d 799, 801 (Tex. 2020) (per curiam).

The April 24 Order does not state, nor does the record demonstrate, that the trial court made disposition of all claims, including the attorney's fees claims. *See Farm Bureau County Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161 (Tex. 2015) (per curiam) (holding that appellate court lacked jurisdiction when order on motions for summary judgment failed to address competing claims for award of attorney's fees); *Feldman v. KPMG LLP,* 438 S.W.3d 678, 685-86 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (concluding trial court was empowered to award attorney's fees under section 37.009 even though it had dismissed plaintiff's claim for declaratory relief for lack of jurisdiction).

## Conclusion

We conclude the April 24 Order lacks finality and is not made immediately appealable by statute. We accordingly dismiss McDougal's attempted appeal for lack of subject matter jurisdiction.

Per Curiam

4