**Affirmed and Memorandum Opinion filed April 25, 2024.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00769-CV

### DINESH B. PATEL, Appellant

### V.

### PATEL & PATEL, CPA; NARENDRA PATEL; AND NILAKUMARI PATEL, Appellees

**On Appeal from the 368th District Court
Williamson County, Texas
Trial Court Cause No. 22-0865-C368**

## MEMORANDUM OPINION

Appellant Dinesh B. Patel appeals an order granting traditional and no-evidence summary judgment in favor of Appellees Narendra Patel, Nilakumari Patel, and Patel & Patel, CPA.[1]  We affirm.

---

[1] The Supreme Court of Texas transferred this case from the Third Court of Appeals. *See* Tex. Gov't Code Ann. § 73.001.  In cases transferred by the high court from one court of appeals to another, the transferee court must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would

This case began in October 2017 when Bhanukant R. Patel[2] sued Appellant asserting claims related to Falcon Hospitality, Inc., a close corporation the two had formed to pursue a hotel business venture. Bhanukant (the minority shareholder) alleged that Appellant (the majority shareholder) had deprived Bhanukant of his fair share in the hotel business and the corporation. In December 2017, Appellant countersued Bhanukant, alleging claims related to the hotel business. Additionally, Appellant alleged that (1) he and Bhanukant had entered into an equal partnership and owned "a 50% pro rata interest in" real property located at a shopping center in Corpus Christi; (2) he recently found out that Bhanukant had sold some or all of the real property without Appellant's knowledge; and (3) Bhanukant had failed to distribute 50% of the proceeds to Appellant and had distributed some of the proceeds to Appellees.

In November 2018, Appellant filed "Defendant's First Amended Answer, Affirmative Defenses, Counterclaims, and Third Party Petition".[3] In this petition, Appellant asserted (1) several affirmative defenses; (2) several counterclaims against Bhanukant; and (3) third party claims against Appellees for breach of fiduciary duty, quantum meruit, violations of the Texas Uniform Fraudulent Transfer Act (TUFTA), conspiracy, and money had and received. Appellant sought, among other things, damages, "forfeiture and disgorgement of [Appellees'] ill-gotten gains, and accounting, and turnover of the [real property] transactions and disposition of

___

have been inconsistent with the precedent of the transferor court. *See* Tex. R. App. P. 41.3.

[2] Bhanukant is not a party to this appeal.

[3] In this pleading, Appellant named (in addition to Appellees) three other entities as third party defendants. However, these entities are neither parties to this appeal nor relevant to the disposition of this appeal. Thus, to not unnecessarily complicate things, we refrain from naming them in our discussions of pleadings, motions, and the trial court's order granting traditional and no-evidence summary judgment.

assets." He additionally sought declaratory relief relating to the claims asserted against Bhanukant and Appellees.

Appellees filed an answer in February 2019, asserting (1) a general denial; (2) "affirmative defenses of estoppel, failure of consideration, laches, release, statute of limitations, waiver and failure to mitigate"; and (3) a counterclaim for attorney's fees pursuant to Texas Civil Practice and Remedies Code section 37.009 for defending against Appellant's request for declaratory relief.

In March 2022, Appellees and Bhanukant jointly filed a "Traditional and No Evidence Motion for Partial Summary Judgment against" Appellant. Appellees asserted they were entitled to a traditional summary judgment on all of Appellant's claims because (1) he knew of his claims no later than 1994 so that the applicable statute of limitations has barred each of his claims; and (2) he admitted he cannot show he has been damaged by Appellees' conduct.

Appellees further contended they were entitled to a no-evidence summary judgment because Appellant has no evidence (1) that "any party owed him a fiduciary duty and has no evidence that anyone breached any fiduciary duty to him, and there is no evidence of causation or damages related to this claim"; (2) "of any element of quantum meruit"; (3) "of any element of a TUFTA claim"; (4) "of two or more persons having a meeting of the minds, any unlawful act (an underlying tort), or damages"; and (5) that Appellees "hold[] money which in equity and good conscience belongs to him." Appellees also moved for a no-evidence summary judgment on Appellant's asserted affirmative defenses, claiming there is no evidence of one or more elements of each of Appellant's defenses.

On April 8, 2022, Appellant filed "Defendant's First Supplement to

3

Counterclaim and Third Party Claim" to "plead[] the discovery rule."[4] That same day, he filed a response to Appellees' and Bhanukant's joint motion for traditional and no-evidence summary judgment which mainly consisted of argument unsupported by authorities and evidence. With regard to Appellees' no-evidence motion, Appellant only claimed that (1) his declaration raised a fact issue "on the existence of a partnership between himself and Bhanukant;" (2) "[e]stablishment of a partnership, and the associated fiduciary duties that go along with it (or at a minimum a fact issue regarding the same), disposes of the majority of the motion for summary judgment;" and (3) the agreement to create a partnership gives rise to a breach of fiduciary duty claim and the no-evidence motion on that claim must be denied. Appellant failed to address all the elements of his breach of fiduciary duty claim that Appellees challenged in their no-evidence motion. Further, Appellant did not address any other claims the movants attacked on no-evidence grounds — he neither addressed the challenged elements nor did he point to any evidence in support of the challenged elements.

With regard to Appellees' traditional summary judgment motion, Appellant argued that limitations cannot be a basis for granting Appellees' traditional summary judgment because (1) pursuant to Texas Civil Practice and Remedies Code section 16.069, "even if the claim is otherwise barred by limitations[,] it is considered timely if brought within thirty days from the date the answer was required" and there is at least a fact issue "that the counterclaim arises out of the same transactions and occurrences as in [sic] the Plaintiff's claim"; and (2) "the grounds presented as

---

[4] Later that same day, Appellees filed a supplemental counterclaim stating that Appellant's "cause of action against them is groundless and brought for the purpose of harassment. Third Party Defendants and Counter-Plaintiffs seek recovery of their costs and reasonable and necessary attorney's fees through trial and an appeal." On April 20, 2022, Appellees nonsuited this counterclaim.

4

evidence that [Appellant] knew or should have known of a cause of action — which is actually the only basis for the traditional motion on limitations grounds — are frivolous." Appellant did not point to any evidence to support his arguments.

Appellant further contended that lack of damages cannot be a basis for traditional summary judgment because (1) Appellees incorrectly claimed he "admitted he has no damages"; and (2) he "testified in his deposition very clearly that his damage claim was based on Bhanukant selling the joint venture asset without his knowledge and kept all the money." Appellant also contended that Appellees improperly moved for traditional summary judgment on his affirmative defenses because (1) "[a] party is not required to present evidence on its affirmative defenses before the Plaintiff has even put on a shred of proof"; (2) "[t]he defenses are irrelevant if there's no proof"; and (3) "an affirmative defense could be submitted to the jury based entirely on cross examination of the plaintiff, who has yet to testify." Appellant cited no authority or evidence in support of his contentions.

A few days later, Appellees and Bhanukant filed a reply to Appellant's response. On April 18, 2022, the trial court signed an order stating that Bhanukant's and Appellees' "Traditional and No-Evidence Motion for Partial Summary Judgment shall be GRANTED and that [Appellant] shall take nothing on all of his claims against those defendants. Summary judgment is further GRANTED on [Appellant]'s affirmative defenses . . . ."

On April 20, 2022, Appellees filed a "Motion for Attorney's Fees and Severance" stating that (1) they "would show that the only remaining cause of action in this lawsuit with regard to the three parties between said parties is the request by" Appellees for an award of attorney's fees pursuant to Texas Civil Practice and Remedies Code section 37.009; (2) they "would show that they are entitled to recover their costs and attorney's fees in defending the lawsuit asserted against them

by" Appellant; and (3) once the trial court exercises its discretion in determining whether or not to award costs and attorney's fees, "the only remaining cause of action in this lawsuit is Bhanukant's [] cause of action against" Appellant and that "action is a complete cause of action in and of itself and can and should stand alone as a separate lawsuit pertaining to a dispute between Bhanukant" and Appellant. Appellees requested the trial court award them attorney's fees and costs, sever the remaining claims between Bhanukant and Appellant as asserted in Bhanukant's First Amended Original Petition, and make these remaining claims the subject of a separate suit with its own docket number.

The trial court held a hearing on Appellees' motion on June 2, 2022. The trial court signed an order awarding attorney's fees to Appellees pursuant to section 37.009 on June 21, 2022. That same day, the trial court also signed an order granting severance and stating that (1) "all claims and defenses by and between [Appellant] and [Appellees] are severed into a new lawsuit" and assigned a new cause number; (2) "[b]y this severance order, all claims and defenses between [Appellant and Appellees] will have been disposed, and all relief not expressly granted as between these four parties (only) is denied"; and (3) "[b]y this Order, the Order granting partial summary judgment in favor of [Appellees] and the Order on their motion for attorney's fees will be final and appealable."

Appellant filed a timely appeal.

## ANALYSIS

Appellant presents three issues on appeal which we address below.[5]

---

[5] Although Appellant lists four issues in his analysis section, he only presents three issues because what he designates as issue one is merely a recitation of the moving party's burden when moving for traditional summary judgment and the standard of review for traditional summary judgment.

## I.     Summary Judgment

In his first issue, Appellant argues that the trial court erred in granting (1) traditional summary judgment based on limitations because Appellees "were in a fiduciary position and did not negate the discovery rule"; (2) traditional summary judgment based on a lack of damages because Appellant "did not admit he was not damaged and presented substantial evidence of damages resulting from receiving no proceeds, not even his initial investment, from the sale of the joint venture property"; and (3) no-evidence summary judgment because Appellant "presented substantial evidence, far more than a scintilla, on each of his causes of action against" Appellees.

### A.     Standard of Review

We review grants of summary judgment *de novo*. *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021); *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017). In conducting our review, we take as true all evidence favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in the nonmovant's favor. *Parker*, 514 S.W.3d at 219; *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Our review is limited to the issues presented to the trial court because "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." *See* Tex. R. Civ. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 676 (Tex. 1979).

When the trial court's order granting summary judgment does not specify the basis for the ruling, we must affirm if any of the grounds presented are meritorious. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). If an appellant does not challenge every possible ground for summary judgment, we will uphold the summary judgment on any of the unchallenged grounds. *Durham v. Accardi*, 587

7

S.W.3d 179, 183 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *Agarwal v. Villavaso*, No. 03-16-00800-CV, 2017 WL 3044545, at *3 (Tex. App.—Austin July 13, 2017, no pet.) (mem. op.); *see also Quick v. Greenblum*, No. 03-13-00213-CV, 2013 WL 10924665, at *2 (Tex. App.—Austin Aug. 13, 2013, pet. denied) (mem. op.).

When a party moves for both traditional and no-evidence summary judgments, we consider the no-evidence motion first because if the non-movant did not produce evidence raising a genuine issue of material fact as to the challenged elements, a no-evidence summary judgment is proper and there is no need to address the challenge to the traditional motion because it necessarily fails. *Parker*, 514 S.W.3d at 219; *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *Childress v. Tex. Mut. Ins. Co.*, No. 03-19-00284-CV, 2020 WL 5099773, at *4 (Tex. App.—Austin Aug. 27, 2020, no pet.) (mem. op.). Therefore, we first review each claim under the no-evidence standard and any claims that survive our no-evidence review will be reviewed under the traditional standard. *See Parker*, 514 S.W.3d at 219; *Childress*, 2020 WL 5099773, at *4.

In a no-evidence motion for summary judgment, the movant asserts that there is no evidence of one or more essential elements of the claim or defense for which the nonmovant bears the burden of proof at trial. *Kamas v. Bay Mountain Fund I, LLC*, No. 14-22-00612-CV, 2023 WL 8196276, at *4 (Tex. App.—Houston [14th Dist.] Nov. 28, 2023, no pet. h.) (mem. op.); *see also* Tex. R. Civ. P. 166a(i). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to the elements specified in the motion. *Kamas*, 2023 WL 8196276, at *4; *see also Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

We sustain a no-evidence challenge when (a) there is a complete absence of evidence of a vital fact, (b) the trial court is barred by rules of law or of evidence

from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Merriman*, 407 S.W.3d at 248; *Ross Stores, Inc. v. Miller*, 612 S.W.3d 682, 688 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Evidence is more than a scintilla if it rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Merriman*, 407 S.W.3d at 248; *Kamas*, 2023 WL 8196276, at *4. If the evidence does no more than create a mere surmise or suspicion and is so slight as to necessarily make any inference a guess, it is no evidence. *Ross Stores, Inc.*, 612 S.W.3d at 688.

A party moving for traditional summary judgment meets its burden by proving there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Parker*, 514 S.W.3d at 220. A defendant moving for summary judgment must disprove at least one of the essential elements of each of the plaintiff's causes of action or conclusively establish all the elements of an affirmative defense. *Ayanbadejo v. Settles*, No. 14-22-00204-CV, 2023 WL 6451185, at *2 (Tex. App.—Houston [14th Dist.] Oct. 3, 2023, no pet. h.) (mem. op.). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005); *Ayanbadejo*, 2023 WL 6451185, at *2.

### B.    Application

We begin by considering whether the trial court erred in granting Appellees' no-evidence summary judgment motion. Appellees moved for no-evidence summary judgment on all of the claims Appellant asserted against them — breach of fiduciary duty, quantum meruit, violations of the TUFTA, conspiracy, and money had and received — challenging one or more elements of each claim. However, Appellant in his summary judgment response did not address any of these claims he

9

asserted against Appellees.  Instead, he only argued that (1) his attached declaration raised a fact issue "on the existence of a partnership between himself and Bhanukant;" (2) "[e]stablishment of a partnership, and the associated fiduciary duties that go along with it (or at a minimum a fact issue regarding the same), disposes of the majority of the motion for summary judgment;" and (3) the agreement to create a partnership gives rise to a breach of fiduciary duty claim and the no-evidence motion on that claim must be denied.

Because Appellant did not address any claims Appellees attacked on no-evidence grounds — he neither presented argument regarding the challenged elements nor did he point to any evidence in support of the challenged elements, we conclude the trial court did not err in granting Appellees' no-evidence summary judgment motion.  *See Childress*, 2020 WL 5099773, at *7 (quoting *Burns v. Canales*, No. 14-04-00786-CV, 2006 WL 461518, at *5-6 (Tex. App.—Houston [14th Dist.] Feb. 28, 2006, pet. denied) (mem. op.)) (finding that trial court did not err in granting no-evidence summary judgment because nonmovant did not meet his burden to file a written response that raises issues preventing summary judgment when he "did not present understandable argument as to how there was a genuine issue of material fact, nor did he point to evidence or authority to support any such argument").

Additionally, Appellant's challenge to the trial court's grant of no-evidence summary judgment consists of the following conclusory statements in his appellate brief:

> **Dinesh presented substantial evidence, far more than a scintilla, on each of his causes of action against the Third Party Defendants**
>
> Dinesh's claims against the Third Party Defendants included breach of fiduciary duty and assisting (i.e., aiding and abetting) breach of Bhanukhant's fiduciary duty.  In his declaration Dinesh described the

basis for the fiduciary duty claim. The CPAs were his wife's brother and sister. For decades he relied on them completely for all of his financial affairs. Clearly there was evidence on each element of the fiduciary duty claim against the Third Party Defendants.

Although Appellant seems to assert, without citing any authority, that Appellees owed him a fiduciary duty (and assuming for the sake of argument that Appellees, in fact, owed him a fiduciary duty), he does not explain how Appellees breached any alleged fiduciary duty and how any breach caused him damages.[6] Appellees argued in their no-evidence motion with regard to Appellant's breach of fiduciary duty claim that he "has no evidence any party owed him a fiduciary duty and has no evidence that anyone breached any duty to him, and there is no evidence of causation or damages related to this claim." On appeal, an "appellant must demonstrate that each and every ground alleged in the motion and asserted to the trial court in support of summary judgment was insufficient to support the ruling." *Quick*, 2013 WL 10924665, at *2. Here, Appellant failed to do so.

Further, Appellant fails to challenge the grant of summary judgment on his remaining claims: quantum meruit, violations of the TUFTA, conspiracy, and money had and received. But "the appellant must show that none of the grounds asserted in the motion will support summary judgment; if the appellant fails to challenge each ground for summary judgment that was advanced in the trial court, we will affirm the summary judgment on the basis of the unchallenged ground." *Id.*; *see also Agarwal*, 2017 WL 3044545, at *3 ("if an appellant does not challenge every possible ground for summary judgment, we will uphold the summary judgment on the unchallenged grounds"); *Young v. JP Morgan Chase Bank, N.A.*, No. 03-15-00261-CV, 2016 WL 4091294, at *3 (Tex. App.—Austin July 28, 2016,

---

[6] "Generally, the elements of a claim for breach of fiduciary duty are (1) the existence of a fiduciary duty, (2) breach of the duty, (3) causation, and (4) damages." *Parker*, 514 S.W.3d at 220.

11

pet. ref'd) (mem. op.) (same).

Accordingly, we conclude the trial court did not err in granting Appellees' no-evidence summary judgment motion, and we overrule Appellant's first issue.[7]

## II.     Attorney's Fees

In his second and third issues, Appellant challenges the trial court's award of attorney's fees in favor of Appellees pursuant to Texas Civil Practice and Remedies Code section 37.009.

### A.     Governing Law

The Declaratory Judgments Act provides that in any proceeding under the Act "the court may award costs and reasonable and necessary attorney's fees as are equitable and just."  Tex. Civ. Prac. & Rem. Code Ann. § 37.009; *Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 355 (Tex. 2020).  "The plain language of the Act authorizes courts to award equitable and just fees in *any proceeding* under the Act; it does not require the trial court to consider or render judgment on the merits of that claim."  *Yowell*, 620 S.W.3d at 355 (emphasis in original); *see also Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998) ("the Declaratory Judgments Act entrusts attorney fee awards to the trial court's sound discretion").  Under section 37.009, a trial court may exercise its discretion to award attorney's fees to the prevailing party, the nonprevailing party, or neither.  *Feldman v. KPMG LLP*, 438 S.W.3d 678, 685 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *see also Barshop v. Medina Cnty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 637 (Tex. 1996) ("the award of attorney's fees in declaratory judgment actions is clearly within the trial court's discretion and is not dependent on a finding that a party 'substantially

---

[7] We need not address Appellant's contentions regarding the trial court's grant of traditional summary judgment.  *See Parker*, 514 S.W.3d at 219; *Merriman*, 407 S.W.3d at 248; *Childress*, 2020 WL 5099773, at *4.

prevailed'").

**B.      Declaratory Judgment Claim Pleaded against Appellees**

In his second issue, Appellant contends the trial court erroneously awarded attorney's fees to Appellees pursuant to Texas Civil Practice and Remedies Code section 37.009 because he only "requested declaratory judgment against Bhanukhant" and "there was never a declaratory judgment claim by or against the appellees, and thus no basis to award fees." Appellant contends that Appellees were not shareholders in Falcon Hospitality, Inc. or partners in the Corpus Christi real property joint venture so that "[n]othing about the declaratory judgment claim has ever impacted them in any manner."

In his live pleading, Appellant alleged that Bhanukant had (1) sold some or all of the Corpus Christi joint venture real property without Appellant's knowledge, (2) failed to distribute 50% of the proceeds to Appellant, and (3) distributed some of the proceeds to Appellees. He asserted some claims against Bhanukant only, some against Appellees only, and some against both Appellees and Bhanukant. He also under the heading "Declaratory Action" stated as follows:

> Pursuant to Section 37.004 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, Defendant seeks a declaratory judgment that (1) his management of Falcon was within the business judgment rule; (2) Defendant breached no duties to Plaintiff; (3) Defendant is an owner of and entitled to his pro-rata share of the profits and proceeds with respect to the JV, including but not limited to that from the possession and disposition of the JV's assets; (4) Defendant is entitled to an accounting; (5) Defendant's ownership in the JV entitles Defendant to recover from Plaintiff his pro-rata share of all profits realized from the JV and all associated interest upon such profits; (6) Pursuant to TEX. R. CIV. P. 91a, Plaintiff has no claim or cause of action for oppression of minority rights under Texas law regarding FHI; and (7) Plaintiff's incurring of and acknowledged debt to Defendant regarding the transfers entitles Defendant to recover from Plaintiff the full amount of

such transfers and all associated interest upon the such amounts. Additionally, pursuant to TEX. CIV. PRAC. & REM. CODE Chapter 37, Defendant requests that the Court grant his reasonable and necessary attorney fees and costs.

Considering the claims Appellant specifically pleaded against Appellees and that he asked for an accounting and for Appellees to return proceeds from the real property sale they allegedly had received from Bhanukant, Appellant's requested declaratory relief affected not just Bhanukant but Appellees as well.

With regard to the requested relief under number 3, Appellant asked for a declaration that he "is an owner of and entitled to his pro-rata share of the profits and proceeds with respect to the J[oint] V[enture], including but not limited to that from the possession and disposition of the J[oint] V[enture]'s assets." Because Appellant asserted in his pleading that Appellees received some or all of the proceeds from the sale of the real property, such a declaration would affect Appellees' interests. Additionally, Appellant in his pleading demanded an accounting from Appellees. Thus, the requested relief under number 4 — asking the court to declare that he "is entitled to an accounting" — would affect Appellees.

Therefore, we disagree with Appellant that the trial court erroneously awarded Appellees attorney's fees under section 37.009 because he only "requested declaratory judgment against Bhanukhant" and "there was never a declaratory judgment claim by or against the appellees, and thus no basis to award fees." Accordingly, we overrule Appellant's second issue.

## C. Abuse of Discretion

In his third issue, Appellant argues that "[e]ven if the Declaratory Judgments Act could provide a basis for recovery of fees, it was an abuse of discretion for the trial court to award fees to Appellees based on their gross misconduct as fiduciaries of Appellant." In that regard, Appellant contends he presented evidence at the

14

hearing on Appellees' motion for attorney's fees that established the following "inequitable conduct on the part of" Appellees: "they made false statements in a declaration, abruptly terminated a decades-long personal and professional relationship with appellant, concealed information about the joint venture properties, received proceeds from the joint venture properties from their brother Bhanukhant, and refused to provide information related to Falcon."

However, Appellant fails to support his argument with appropriate citations to the record and authorities. *See* Tex. R. App. P. 38.1(i) (requiring that an appellant's "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). He further fails to explain (applying the applicable standard of review) why the trial court's attorney's fees award was an abuse of discretion when the court already rejected all of Appellant's claims against Appellees, including breach of fiduciary duty, by granting Appellees' summary judgment motion.

Accordingly, we overrule Appellant's third issue.

## CONCLUSION

Having overruled Appellant's issues, we affirm the trial court's judgment.


/s/ Meagan Hassan
Justice


Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan.

15