**Affirmed and Memorandum Opinion filed August 1, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00272-CV

## MANOHAR SINGH MANN, NARINDER SINGH NAGRA AND BHUPINDER SINGH, Appellants

### V.

## SIKH NATIONAL CENTER, INC., Appellee

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-83228**

## MEMORANDUM OPINION

Appellants Manohar Singh Mann, Narinder Singh Nagra, and Bhupinder Singh appeal a judgment in favor of Sikh National Center, Inc. ("SNC"). In two issues we construe as one, appellants argue the trial court lacked subject-matter jurisdiction to adjudicate SNC's claim for attorney's fees under the Uniform Declaratory Judgment Act ("UDJA"). We affirm.

# I. BACKGROUND

SNC operates a Sikh place of worship, called a gurdwara, and organizes related activities. In 2020, an internal dispute arose between members of SNC's board of directors over who were the members of the Executive Committee, which makes decisions on behalf of the SNC Board.

On December 29, 2020, SNC filed suit against appellants and Wells Fargo Bank National Association. SNC alleged that Mann and Nagra, two members of SNC's board of directors, conducted a sham election and together with Singh, the treasurer for the Gurdwara Management Committee:

> (i) illegally asserted rights to the corporation's bank accounts, causing Wells Fargo to freeze multiple accounts with vital funds for the nonprofit's ongoing operations, (ii) opened an unauthorized bank account at Bank of America in the Sikh National Center's name, and (iii) interfered with another Sikh National Center bank account at Comerica Bank. Sikh National Center asks the Court to order the restoration of the status quo, requiring that Wells Fargo unfreeze the accounts, that the newly created account at Bank of America be closed, and the funds in those accounts be transferred to the Wells Fargo account, and that the rogue faction cease and desist from misrepresenting their authority to act on behalf of Sikh National Center, Inc.

SNC sought a declaration that appellants' actions were unauthorized, illegal, and void; that the Wells Fargo accounts are the SNC's operating accounts; and that the Bank of America account opened by appellants was unauthorized and its funds should be transferred to the Wells Fargo accounts. SNC also sought injunctive relief and attorney's fees.

Appellants also filed suit against SNC, seeking a declaration that "Section 22.351 of the Texas Business Corporations Act[1] requires [SNC] to provide

---

[1] "A member of a corporation, on written demand stating the purpose of the demand, is

2

[appellants] with access to the books and financial records of SNC so they can be examined and copied . . . ."[2] Appellants likewise sought attorney's fees. The trial court consolidated both lawsuits.

After a hearing on SNC's request for a temporary injunction, the trial court determined, based on the ecclesiastical abstention doctrine, that it lacked jurisdiction over the case. The trial court subsequently disposed of appellants' declaratory judgment request by summary judgment, leaving only the issue of the parties' competing claims for attorneys' fees.

Following a bench trial, the trial court signed a final judgment on March 20, 2023, ordering appellants to pay SNC $65,000.00 in equitable and just attorney's fees, $30,000.00 in conditional attorney's fees for a successful appeal to an intermediary court of appeals; $10,000.00 for responding to a petition for review and $15,000.00 for briefing on the merits in the Texas Supreme Court if the outcome is in SNC's favor. The trial court also signed an order denying appellants' request for attorney's fees.

This appeal followed.

## II. DISCUSSION

In their sole issue, appellants argue that the trial court lacked subject-matter jurisdiction to award SNC attorney's fees because (1) the trial court correctly found it lacked subject-matter jurisdiction over SNC's UDJA claim based on the ecclesiastical abstention doctrine, and (2) SNC also sought attorney's fees pursuant

---

entitled to examine and copy at the member's expense, in person or by agent, accountant, or attorney, at any reasonable time and for a proper purpose, the books and records of the corporation relevant to that purpose." Tex. Bus. Orgs. Code Ann. § 22.351.

[2] In their brief, appellants repeatedly refer to their claim as a "section 22.351 Business Corporations Act lawsuit" and omit that they actually pleaded a request for declaratory judgment pursuant to the UDJA based on § 22.351.

3

to the UDJA.

## A. STANDARD OF REVIEW & APPLICABLE LAW

The UDJA permits interested parties to obtain a legal determination concerning any question of construction or validity arising under their contract. Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a). Furthermore, "[i]n any proceeding under [the UDJA], the court may award costs and reasonable and necessary attorneys' fees as are equitable and just." Tex. Civ. Prac. & Rem. Code Ann. § 37.009.

The UDJA "entrusts attorney fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirements that fees be equitable and just, which are matters of law." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *see Allstate Ins. v. Irwin*, 627 S.W.3d 263, 270 (Tex. 2021). A trial court abuses its discretion if it rules arbitrarily, unreasonably, or without reference to guiding rules and principles. *Bocquet*, 972 S.W.2d at 21. "Under section 37.009, a trial court may exercise its discretion to award attorneys' fees to the prevailing party, the non-prevailing party, or neither." *Feldman v. KPMG LLP*, 438 S.W.3d 678, 685 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

Because the UDJA is a procedural vehicle and the statute provides that attorney's fees may be awarded "in any proceeding" under the UDJA, a trial court can grant attorney's fees in relation to a properly-pleaded claim under the UDJA even if the trial court cannot rule on the merits for some reason, such as a lack of subject-matter jurisdiction over the controversy. *See Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 355 (Tex. 2020) ("The plain language of the UDJA authorizes courts to award equitable and just fees in *any proceeding* under the Act; it does not require the trial court to consider or render judgment on the merits of

that claim.") (emphasis in original); *see, e.g.*, *Castro v. McNabb*, 319 S.W.3d 721, 735–36 (Tex. App.—El Paso 2009, no pet.); *Zurita v. SVH-1 Partners, Ltd.*, No. 03-10-00650-CV, 2011 WL 6118573, at *8 (Tex. App.—Austin Dec. 8, 2011, pet. denied) (mem. op.).

## B.    ANALYSIS

Here, appellants' argument omits the fact that they also sought declaratory judgment relief under the UDJA. The trial court could have awarded SNC attorney's fees pursuant to appellants' UDJA action, even if the trial court did not have subject-matter jurisdiction over SNC's declaratory judgment action. We thus conclude the trial court did not abuse its discretion when it granted SNC's attorney's fees. *See Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 355 (Tex. 2020) ("The plain language of the UDJA authorizes courts to award equitable and just fees in *any proceeding* under the Act; it does not require the trial court to consider or render judgment on the merits of that claim."); *Feldman*, 438 S.W.3d at 685 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("[A] trial court may exercise its discretion to award attorneys' fees to the prevailing party, the nonprevailing party, or neither."); *see, e.g.*, *Bradt v. State Bar of Tex.*, 905 S.W.2d 756, 760 (Tex. App.—Houston [14th Dist.] 1995, no writ) (concluding that a party defending a lawsuit brought under the UDJA may be awarded its reasonable and necessary attorney's fees); *see also Castro*, 319 S.W.3d at 735–36 ("Our determination that the trial court lacked jurisdiction to render the specific declarations sought does not change the nature of the proceedings below. Because this was a proceeding under the Declaratory Judgments Act, the trial court properly exercised jurisdiction under § 37.009 to award attorney's fees to McNabb.").

Because the trial court had the discretion to award attorney's fees to SNC, notwithstanding its lack of subject-matter jurisdiction over SNC's claims, we

overrule appellants' sole issue on appeal.[3]

### III. CONCLUSION

We affirm the trial court's judgment.

/s/    Margaret "Meg" Poissant
Justice

Panel consists of Justices Wise, Zimmerer, and Poissant.

---

[3] Appellants' brief presents two issues. They identify a second issue as "[w]hether the trial court erred in awarding SNC attorney's fees pursuant to its declaratory judgment lawsuit." However, apart from this statement, appellants present no argument, analysis, or citation to authority advancing any argument that it was inequitable or unjust to award fees or that there was insufficient evidence supporting the award. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Bocquet*, 972 S.W.2d at 21 ("[T]he Declaratory Judgments Act entrusts attorney fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirements that fees be equitable and just, which are matters of law.").

6